**FOSS ALASKA LINE, INC., Appellant,**

v.

**NORTHLAND SERVICES, INC. and Crowley Maritime Corporation, Appellee.**

**No. S–1275.**

Supreme Court of Alaska.

Sept. 12, 1986.

David R. Millen, of counsel, Robert C. Bundy, Bogle & Gates, Anchorage, for appellant.

John C. Dittman, Richmond & Quinn, Anchorage, for appellee Northland Services.

Ann K. Stokes, Bradbury, Bliss & Riordan, Anchorage, for appellee Crowley Maritime Corp.

## OPINION

Before RABINOWITZ, C.J., BURKE, MATTHEWS, COMPTON and MOORE, JJ.

MOORE, Justice.

The issue in this case is whether a contribution claim defendant is a prevailing party entitled to costs and attorney's fees when it secures summary judgment against the contribution claimant by settling with the injured plaintiff. We conclude that the settling defendant may not recover costs and fees from the contribution claimant.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Alex Clark was killed in Bethel when four timbers fell on him. The accident happened when Clark cut the straps around

a bundle of timbers which were not secured to their shipping platform.

Appellant Foss Alaska Line's (FAL) employees originally secured the bundle of timbers to the shipping platform in Seattle. Appellee Crowley Maritime Corporation (Crowley) agreed to ship the timber from Seattle; the shipping platform was transferred from the FAL terminal to the Crowley terminal. When Crowley proved unable to make the shipment, the platform was transferred to Appellee Northland Services Inc.'s (Northland) Seattle terminal. A Northland barge carried the timber to Bethel.

Clark's representative sued FAL and others, claiming that FAL improperly assembled and secured the timber to the shipping platform.[1] FAL filed a third party complaint against Crowley and Northland alleging that Clark's death was caused solely by the negligence of Crowley and Northland and seeking to impose joint and several liability.[2] This complaint was stricken because it failed to state a claim upon which relief could be granted, but instead presented an affirmative defense to Clark's claim. FAL filed an amended third party complaint against Crowley and Northland for statutory contribution.

Northland and Crowley settled with Clark for $10,000 each.[3] The superior court granted Northland's and Crowley's unopposed motions for summary judgment on the contribution claim by FAL. Crowley moved for $7,500 in costs and $45,000 in attorney's fees; Northland requested $5,800 in costs and $30,000 in attorney's fees. The superior court awarded the entire amounts requested. FAL appeals the cost and attorney's fee awards.

## II. PREVAILING PARTY STATUS

FAL argues that public policy concerns dictate that a settling tortfeasor is not a prevailing party entitled to attorney's fees or costs when a nonsettling tortfeasor's claim for contribution is dismissed due to the settlement. Northland and Crowley contend that they were successful on the main issues in the third party complaints; therefore, they are prevailing parties. The superior court ruled that Northland and Crowley are prevailing parties and awarded full attorney's fees and costs.

Under the Alaska Uniform Contribution Among Tortfeasors Act, a tortfeasor may bring an action for contribution against other potential tortfeasors. AS 09.16.-010(a).[4] If the contribution claimant prevails, the contribution defendant must pay its pro rata share of the entire liability, without considering the tortfeasors' relative degrees of fault. AS 09.16.010(b). A contribution defendant may escape liability for contribution by obtaining a release from the injured plaintiff. AS 09.16.-040(2).[5] The plaintiff's claim against the nonsettling tortfeasor is reduced by the amount of consideration paid for the release. AS 09.16.040(1).

When no money judgment is recovered, a prevailing party is entitled to costs

---

1. Final judgment was rendered for Clark against FAL for some $680,000.

2. The third party action was severed from the underlying lawsuit.

3. Northland settled with Clark before the jury verdict was rendered. Crowley settled after FAL satisfied the judgment against it.

4. AS 09.16.010(a) provides in part:
 [W]here two or more persons become jointly or severally liable in tort for ... the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.

5. AS 09.16.040 provides in part:

When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death

(1) it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

(2) it discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

and attorney's fees in a reasonable amount. Alaska R.Civ.P. 79(a), 82(a)(1). A prevailing party is one who prevails on the main issue of the case, provided the issue has been joined. *State v. Alaska International Air*, 562 P.2d 1064, 1067–68 (Alaska 1977); *Buza v. Columbia Lumber Co.*, 395 P.2d 511, 514 (Alaska 1964).

▌▌▌ Ordinarily, the determination of prevailing party status rests in the sound discretion of the superior court. *City of Yakutat v. Ryman*, 654 P.2d 785, 793 (Alaska 1982). However, we may review the application of a legal doctrine to undisputed facts without the usual deference to the superior court. *See Osness v. Dimond Estates*, 615 P.2d 605, 610 (Alaska 1980). Matters of public policy raise purely questions of law; in such circumstances "[o]ur duty is to adopt the rule of law that is most persuasive in light of precedent, reason, and policy." *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

▌▌▌ The policy underlying AS 09.16.-040(2) is to encourage settlements, ensure finality, and reduce uncertainty. *Vertecs Corp. v. Fiberchem, Inc.*, 669 P.2d 958, 960–61 (Alaska 1983). A settlement is not made in bad faith when it is primarily motivated by the settlor's desire to escape contribution liability. *Id.*

▌▌▌ We conclude, as a matter of law, that the settlement payments by Northland and Crowley to Clark, which barred FAL's contribution claim under AS 09.16.040(2), preclude a finding that Crowley and Northland are prevailing parties entitled to costs and attorney's fees against FAL.

When a contribution defendant settles with the injured plaintiff, it may avoid a large potential liability for pro rata contribution under AS 09.16.020(1), often by paying a nominal amount. For example, in the instant case, the $10,000 settlement payments barred potential contribution liability for one-third of Clark's $680,000 judgment against FAL. In addition, the settlor does not incur additional attorney's fees in defending against the contribution claim. Finally, by settling with the injured plaintiff, the settlor in a sense concedes the validity of contribution claimant's allegation that the settlor is a potential tortfeasor that may be liable for pro rata contribution under AS 09.16.020(1).

The contribution claimant benefits from the settlement because it is normally entitled to reduce its payments to the injured plaintiff by the amount of the settlement.[6] AS 09.16.040(1). However, the settlement deprives the contribution claimant of the right to present the merits of its contribution claim by operation of the statute, irrespective of any procedural or substantive flaw in the claim. It would be manifestly unjust to further penalize the claimant by exposing it to liability for the contribution defendant's costs and attorney's fees.

▌▌▌ We therefore conclude that, when the potential liability of a contribution defendant is discharged under AS 09.16.-040(2) only because it settled with the injured plaintiff, it is not a prevailing party entitled to collect costs and fees from the contribution claimant.

### III. BAD FAITH ASSERTION OF A CONTRIBUTION CLAIM

Crowley and Northland argue that, even if a settling contribution defendant is not entitled to attorney's fees as a matter of course, bad faith assertion of a contribution claim justifies a fee award. FAL contends that there can be no finding of bad faith in the instant case because there was no trial on the merits. The superior court did not find that FAL asserted its claim in bad faith, but awarded full attorney's fees to Northland and Crowley because FAL's opposition to the cost motions was "untimely and unresponsive."

▌▌▌ When a plaintiff sues in good faith, a full fee award is manifestly unreasonable and constitutes an abuse of discretion, but

---

**6.** In the instant case, FAL has not benefited from Crowley's settlement because FAL did not discover the settlement until after it satisfied the judgment. FAL may have an action to recover the overpayment, however.

vexatious conduct or assertion of a bad faith claim may justify a full fee award. *Wickwire v. McFadden*, 633 P.2d 278, 281 n. 6 (Alaska 1981); *Davis v. Hallett*, 587 P.2d 1170, 1171–72 (Alaska 1978); *Malvo v. J.C. Penney Co.*, 512 P.2d 575, 588 (Alaska 1973).

 In the instant case, we conclude that the Crowley and Northland settlements preclude a finding of bad faith as a matter of law. Allowing a settling contribution defendant to inject the issue of bad faith would defeat the policy of ensuring finality and reducing uncertainty. *Vertecs*, 669 P.2d at 960–61. Furthermore, as we noted above, settlement is equivalent to a concession of potential liability and the validity of the contribution claim. In order to be entitled to full attorney's fees, a party must be the prevailing party and the non-prevailing party must have acted in bad faith. Since a settling defendant is not a prevailing party as a matter of law, that defendant cannot obtain an award of attorney's fees even if the contribution claimant acted in bad faith. We therefore rule that a settling contribution defendant may not recover its costs and attorney's fees on the theory that the contribution claim was asserted in bad faith.

## IV. COSTS INCURRED ON THE ORIGINAL THIRD PARTY COMPLAINT

 Crowley and Northland argue that they are entitled to costs and fees incurred in their successful motions to strike the original third party complaint. At best, a cost award based on the motions to strike would be *de minimus*. The motions to strike raised preliminary procedural matters and both the original and amended third party complaints are based on allegations of negligence by Northland and Crowley arising from the same facts. We conclude that Northland and Crowley are not entitled to costs arising from the motions to strike; it is therefore not necessary to remand this case to the superior court.

REVERSED.