218 N.J. Super. 589 (1986)
528 A.2d 572
JAMES SCOTT BATTEN, BY JAMES BATTEN GENERAL ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM AND JAMES BATTEN, INDIVIDUALLY, PLAINTIFFS,
v.
LYNDA BOBO, ROBERT BOBO, WAYNE BOBO, RONALD HELLER, MARGARET HELLER AND JOHN DOES (FICTITIOUS NAMES) I/J/S/A, DEFENDANTS/THIRD PARTY PLAINTIFFS,
v.
ALLEN STARRETT, HADDON HEIGHTS TOWNSHIP POLICE DEPARTMENT, SUSAN BATTEN AND JAMES BATTEN, THIRD PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division Camden County.
Decided November 7, 1986.
*590 Michael Berger for plaintiff (Nathan Friedman, attorney).
F. Herbert Owens, III for defendants Robert Bobo and Wayne Bobo (Montano, Summers, Mullen, Manuel & Owens, attorneys).
Donald Kaplan for defendant/third-party plaintiffs Lynda Bobo, Robert Bobo, Ronald Heller and Margaret Heller (Horn, Kaplan, Goldberg, Gorny & Daniels, attorneys).
Joseph Collins for third-party defendants Susan and James Batten (Yampell & Kaplan, attorneys).
Barry Cohen for third-party defendants Allen A. Starrett and Haddon Heights Tp. Police (Cooper, Perskie, April, Niedelman & Wagengeim, attorneys).
WEINBERG, P.J.Cv.
On March 17, 1984 defendants Lynda and Robert Bobo hosted a party at their parents' (Ronald and Margaret Heller) residence. Refreshments were provided, which included alcoholic beverages. The plaintiff's decedent, James Batten, age 15, attended the party and thereafter, in the early morning hours of March 18, 1984 operated a dirt bike for a joyride with another minor, John Bobo, as a passenger. The dirt bike collided with a Haddon Heights police car and both James Batten and John Bobo were killed. In a police report of the accident, Lynda Bobo stated that James Batten had been drinking beer "very heavily," although later when deposed she could not remember whether Batten had been drinking.
The General Administrator and Administrator ad Prosequendum of the estate of James Batten, brought a wrongful death action against Lynda and Robert Bobo and Margaret Heller on *591 a homeowners, dram-shop theory alleging that they served or permitted to be served intoxicating alcoholic beverages to the minor decedents, driver and passenger, and thereafter, failed to exercise reasonable care for their safety and well-being. Defendants in turn alleged the affirmative defense of comparative negligence against the decedent.
Defendants Lynda and Robert Bobo and Ronald and Margaret Heller have moved for summary judgment on the claims brought against them. As a result of these motions, a question, not directly addressed by the court before, has arisen: whether an intoxicated minor guest can maintain a cause of action against a social host who provided the cause of intoxication.
This court finds that the intoxicated minor guest can maintain a cause of action against the social host, and as a result of this finding is compelled to consider the issue whether the minor guest's comparative negligence can properly be considered by a jury. Upon this query, the court also makes an affirmative determination.
In discussing the issues raised, ad seriatim, it is a well settled law that a tavern which sells alcoholic beverages to a minor or intoxicated person whose intoxication causes injury to himself or a third person may be liable for those injuries. Rappaport v. Nichols, 31 N.J. 188 (1959). Further, in Linn v. Rand, 140 N.J. Super. 212 (App.Div. 1976), it was established that a social host who serves alcoholic beverages to a visibly intoxicated minor, knowing that the minor is about to drive a car on the public highways, may be held liable to a third party. It is at this point, however, that a void exists in the law, in that there is no decision which specifically places liability on the social host for injuries sustained by the intoxicated guest as well as a third party.
This court determines that there is a basis to impose liability on the social host for the intoxicated minor guest's injuries by applying the same reasoning used by the New Jersey Supreme *592 Court in establishing social host liability in general. As noted in Kelly v. Gwinnell, 96 N.J. 538 (1984), upon tracing the origins and the first appearance of imposing a duty on the seller of alcoholic beverages, there existed an extra risk of harm to minors. The Rappaport court recognized that "the legislature has in explicit terms prohibited sales to minors as a class because of their very special susceptibilities and the intensification of the otherwise inherent damages when persons lacking maturity and responsibility partake of alcoholic beverages." Rappaport, supra, 31 N.J. 188 at 201.
Later in Soronen v. Olde Milford Inn, 46 N.J. 582, (1966), the court held that the defendant who sold liquor to an intoxicated customer is liable for the death that resulted when the customer fell in the licensed premises while leaving the bar. As the court stated in Kelly v. Gwinnell, supra, at 546, Soronen made it clear that the licensee's duty is owed to the customer as well.
The next step of development occurred in the Linn v. Rand, supra, decision, which established social host liability for serving liquor to a visibly intoxicated minor for his subsequent negligent acts. The court in Linn declared that, "It makes little sense to say that the licensee in Rappaport is under a duty to exercise care, but give immunity to a social host who may be guilty of the same wrongful conduct merely because he is unlicensed." 140 N.J. Super. 212 at 217. That court placed the seller of alcoholic beverages and the social host in the same position in regards to liability, and the court in Kelly v. Gwinnell accepted this reasoning, although that opinion did not consider the issue of whether the intoxicated guest has a cause of action against the host. Nevertheless, if a seller-licensee and a social host are under a duty, and a seller-licensee can be found liable to the customer as in Soronen, then it must logically follow that a social host can be held liable for the injuries suffered by an intoxicated minor, here, plaintiff's decedent.
*593 In Kelly v. Gwinnell, supra, the court emphasized "that the liability proceeds from the duty of care that accompanies control of the liquor supply." 96 N.J. 538 at 548. The court rejected the argument that the rule imposing liability of seller-licensees is justified because seller-licensees, unlike social hosts, derive a profit from serving liquor. By stating that the liability arises from control of the liquor supply, the court is placing the seller-licensee and the social host in a similar position, just as the court in Linn did in its legal reasoning. Therefore, although our courts have yet to provide a cause of action to an intoxicated minor guest, there is a basis to do so in the reasoning that places the licensee and social host in the same position in regards to liability, as we have seen in Linn v. Rand, supra, and Kelly v. Gwinnell, supra.
The court in Rappaport noted this State has recognized a clearly-stated policy that it opposes drinking by minors. N.J.S.A. 33:1-81. Acknowledging a cause of action of a minor against a social host who violates the law by providing the minor with alcoholic beverages would have the deterrent effect the Legislature desires and it would be consistent with the view our courts have expressed in the evolution from the liability of a liquor licensee to the liability of a social host in regards to the availability and consumption of liquor.
The final issue to be addressed is whether or not the minor plaintiff's comparative negligence can be considered by the jury, or in other words, whether or not the defense of comparative negligence will survive the motion for summary judgment.
In Buckley v. Estate of Pirolo, 101 N.J. 68 (1985), the Supreme Court, in acknowledgement of the Appellate Division's reasoning, held that there is no public policy that would exclude a patron's negligence as a defense where the patron has the capacity to engage in self-protective measures, thus rejecting the argument that comparative negligence principles should not apply to dram-shop cases. The Supreme Court agreed that the parties in Buckley should be permitted to present their cases in *594 the context of what the law is, including the tavern's defense of the passenger/patron's negligence.
In Anslinger v. Martinsville, Inc., 121 N.J. Super. 525 (App. Div. 1972), certif. den. 62 N.J. 334 (1973), the court refused to impose liability on business associates for the injuries an intoxicated guest suffered after leaving their quasi-business meeting at a tavern and ruled that the decedent's drunkenness constituted contributory negligence, a defense available to the host, i.e., the corporate entity holding the quasi-business meeting, even though such a defense was made unavailable to the seller-licensee in Soronen v. Old Millford Inc., supra, 46 N.J. at 589.
The Anslinger and Soronen decisions appear to lack consistency regarding the issue of comparative negligence. The Kelly court acknowledged this; however, it did not overrule Anslinger. A fact more pertinent on this subject is footnote 8 pp. 548-9 in the Kelly decision, wherein the court expressed no opinion on the inconsistency because the question of drunkenness as contributory negligence was not before it.
In light of the absence of a determination regarding the issue of comparative negligence in the Kelly opinion, this court finds that the decisions in Anslinger and Buckley provide authority for the minor decedent's negligence to be submitted to the jury. This court's conclusion is reached by following the same analagous reasoning used in finding a cause of action for the plaintiff against the social host.
Therefore, it is proper for the jury in this case to consider and compare the alleged negligent acts of both the minor decedent and the defendants on March 17 and 18, 1984 in reaching the verdict. Thus, the effect of this court's determination upon the issues presented is that Lynda and Robert Bobo and Ronald and Margaret Heller's motions for summary judgment are hereby denied.