523 So.2d 800 (1988)
Patrick J. CALLIHAN, Ralph N. Lucignano, Edward B. Hall and Elizabeth S. Hall, Appellants,
v.
TURTLE KRAALS, LTD., and J.K. Financial Corp., Appellees.
No. 86-2784.
District Court of Appeal of Florida, Third District.
April 26, 1988.
Cunningham, Albritton, Lenzi, Warner, Bragg & Miller and Alfred O. Bragg, Marathon, for appellants.
Blackwell, Walker, Fascell & Hoehl and Anthony D. Dwyer and Douglas Stein, Miami, for appellees.
Before HENDRY, BASKIN and FERGUSON, JJ.
HENDRY, Judge.
Condominium unit owners appeal from a final judgment entered on a verdict whereby the developers of "Seawatch" (Turtle Kraals, Ltd. and its general partners) were found jointly and severally liable in an action which claimed deficient construction, violations of rental restrictions and failure to complete the amenities at the condominium community in Marathon. Appellants allege the trial court erred in denying appellant's motion for new trial, claiming the verdict was contrary to uncontroverted evidence, and erred in excluding certain evidence concerning a unit owner's losses.
The sales brochures for Seawatch at Marathon, a condominium community in the Florida Keys, stressed the themes of quality and exclusivity by its portrayal of recreational amenities, and the restriction of rentals to a minimum duration of 30 days. Water leakage into the residential units and common areas was noticed following the first rainfall after occupation of the buildings and persisted with each succeeding shower despite several attempted *801 roof repairs. The leakage problem eventually became public knowledge and, along with the changing market, caused the number of sales and rentals to drop perceptively.
On August 20, 1985, Turtle Kraals announced that it had deeded all units to Keys Resorts, Ltd., and that there was an assessment deficit of $197,000  the association was insolvent. Unit owners Callihan, Hall and Lucignano filed suit against the developer for damages.
At trial, an objection to hearsay evidence of the financial losses suffered by the Halls on the sale of their unit was sustained. The jury returned a verdict in favor of the developer with respect to the Halls, in favor of Mr. Callihan for $100,000, and in favor of Mr. Lucignano for $25,000. The court entered its judgment on the verdict. The plaintiffs timely motion for a new trial directed at the verdicts was denied. We affirm.
Expert testimony was admitted at trial concerning the condominium design, specifications and construction. Appellant's expert established that the leakage problems in the Callihan and Lucignano units could be repaired for either $7,800 or $2,813 per unit owner, the amount depending upon whether the bearing surfaces or the roof were repaired. A real estate appraiser testified that when repaired, the value of the units would increase. With this evidence before it, the jury's verdict, compensating Mr. Callihan and Mr. Lucignano for repair costs, diminution in value, and uncompleted amenities, was consistent with the evidence. The amount of damages to be awarded rests within the jury's sound discretion, Richards Co. v. Harrison, 262 So.2d 258 (Fla. 1st DCA), cert. denied, 268 So.2d 165 (Fla. 1972), and this discretion is considerable where the damages are unliquidated and are not subject to measurement by a particular standard. Odoms v. Travelers Ins. Co., 339 So.2d 196 (Fla. 1976). The evidence here must be viewed in a light most favorable to the jury's verdict. Conner v. Atlas Aircraft Corp., 310 So.2d 352 (Fla. 3d DCA), cert. denied, 322 So.2d 913 (1975). The appellants have failed to prove that the amount of the damage award in their favor was unreasonable.
When the trial court sustained appellee's objection to hearsay evidence by appellant Hall regarding a potential buyer's reasons for refusing to place a deposit on her unit, Hall failed to proffer the evidence at that time, and thus its exclusion is not reviewable. Rezzarday v. West Florida Hosp., 462 So.2d 470 (Fla. 1st DCA 1984); Easton v. Bradford, 390 So.2d 1202 (Fla. 2d DCA 1980), review dismissed, 399 So.2d 1141 (Fla. 1981); Cason v. Smith, 365 So.2d 1042 (Fla. 3d DCA 1978); Seaboard Air Line R.R. v. Ellis, 143 So.2d 550 (Fla. 3d DCA 1962).
Accordingly, for the foregoing reasons and based upon the authorities cited, the final judgment of the trial court is affirmed.
Affirmed.