532 So.2d 1288 (1988)
Kimberly BOOTH, Appellant,
v.
ABBEY ROAD BEEF & BOOZE, INC., Appellee.
No. 87-2372.
District Court of Appeal of Florida, Fourth District.
October 12, 1988.
Rehearing and Certification Denied November 18, 1988.
*1289 Thomas E. Kingcade of Thomas E. Kingcade, P.A., West Palm Beach, for appellant.
Glenn J. Waldman of Stroock & Stroock & Lavan, Miami, for appellee.
DAUKSCH, JAMES C., Jr., Associate Judge.
This is an appeal from a judgment non obstante veredicto in a personal injury case.
Appellant was a passenger in a car driven by a juvenile who had illegally purchased and consumed rum from appellee. The jury found that appellee was forty-three percent responsible for damages because it sold the rum to the juvenile driver in violation of section 562.11. Violation of this statute is negligence per se and the appellant is entitled to a judgment in her favor if there is evidence that the negligence proximately caused the injuries. deJesus v. Seaboard Coast Line Railroad, 281 So.2d 198 (Fla. 1973); Stanage v. Bilbo, 382 So.2d 423 (Fla. 5th DCA 1980).
The facts in the light most favorable to the verdict,[1] are that appellant and the driver consumed some of the rum and the driver was impaired in his ability to operate the car as a result of the alcohol consumption. As he was driving on the highway a car driven by another alcohol-impaired driver came up over a hill, was weaving in his oncoming lane of travel, left the roadway, crossed the grassy median strip and collided head-on into the car occupied by appellant.
There was testimony that could lead the jury to find that appellant's driver had sufficient time to avoid the collision, but failed to do so. There is a reasonable inference that his alcohol-related impairment prevented him from reacting quickly enough and skillfully enough to avoid the accident. For instance, one witness, an occupant of the rear seat of appellant's car said she saw the approaching car weaving, leave the oncoming lanes and screamed just before the accident. There was expert testimony as to the amount of time appellant's driver had to react, about three seconds, which was in accord with the eyewitness's estimation. This eyewitness also said that appellant's driver appeared dazed. Appellee's experts did not disagree with the amount of reaction time available but did disagree as to whether it was sufficient to avoid the accident. This conflict was resolved by the jury against appellee.
The trial judge determined as a matter of law that the "sudden emergency doctrine" was applicable and that appellant's injuries were caused not by the alcohol-related impairment of the driver but by the "active, efficient and unforeseeable intervening cause." We believe this was error because there is evidence both from the eyewitness and the expert testimony that appellant's driver did have sufficient time to avoid the collision, or all but a hard bump, and the evidence could have reasonably led the jury to conclude that but for the alcohol there would have been no injury to appellant. Since appellee illegally sold the rum to the driver, and that rum impaired him, the statutory per se negligence is causally connected to the injuries. When a factual basis in evidence supports a verdict it is error to direct a verdict or enter a judgment N.O.V. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Anderson, 501 So.2d 635 (Fla. 1st DCA 1986), rev. denied, 511 So.2d 297 (Fla. 1987). See also Designers Tile International *1290 Corp. v. Capitol C Corp., 499 So.2d 4 (Fla. 3d DCA 1986), rev. denied, 508 So.2d 13 (Fla. 1987); Collins v. School Board of Broward County, 471 So.2d 560 (Fla. 4th DCA 1985).
Another issue on appeal involves the court having given an instruction regarding appellant's comparative negligence and having submitted that issue to the jury. The dram shop act, section 562.11 mentioned above, is meant to protect a class of persons, primarily juveniles who would buy alcoholic drinks. We agree with the ruling in the Chausse v. Southland Corp., 400 So.2d 1199 (La. App. 1st Cir.), cert. denied, 404 So.2d 278, 404 So.2d 497 and 404 So.2d 498 (La. 1981), case which held a minor's decision to ride with an alcohol-impaired minor is one of the results the statute is meant to prevent. Thus this minor passenger of the alcohol-impaired minor is a member of the class to be protected by the statute. As such, she cannot be deemed guilty of comparative negligence. Accord Tamiami Gun Shop v. Klein, 116 So.2d 421 (Fla. 1959); Hurd v. Munford, Inc., 378 So.2d 86 (Fla. 1st DCA 1979), cert. denied, 389 So.2d 1111 (Fla. 1980); Bass v. Flowers, 177 So.2d 239 (Fla. 1st DCA 1965). It was error to reduce the verdict on account of contributory negligence.
The last issue involves the seat belt defense. Insurance Co. of North America v. Pasakarnis, 451 So.2d 447 (Fla. 1984), held that if a plaintiff failed to use an available and fully operational seat belt and that failure contributed to her injuries then the verdict should be reduced by an appropriate amount. Because this issue is a defense it is up to the defendant to prove that:
One) There was a seat belt available to plaintiff
Two) It was fully operational
Three) Plaintiff failed to use it
In this case elements One and Three were proved. Element Two was not, so it was error to allow the damages to be reduced for the alleged, but not proved, defense.
The judgment is reversed and this cause remanded for entry of a judgment for plaintiff for the entire verdict amount without reduction for comparative negligence or the seat belt defense.
REVERSED AND REMANDED.
LETTS and WALDEN, JJ., concur.
NOTES
[1] Callihan v. Turtle Kraals, Ltd., 523 So.2d 800 (Fla. 3d DCA 1988); Conner v. Atlas Aircraft Corp., 310 So.2d 352 (Fla. 3d DCA), cert. denied, 322 So.2d 913 (Fla. 1975).