**Joyce LOEB, as Personal Representative of the Estate of Teresa Bouffioux, Appellant and Cross–Appellee,**

v.

**Leo RASMUSSEN and L & L Investments, a general partnership, d/b/a Cushman Boxboy, Appellees and Cross–Appellants.**

Nos. S–3450, S–3464.

Supreme Court of Alaska.

Dec. 13, 1991.

Dale J. Walther, Clark, Walther & Flanigan, Anchorage, for appellant/cross-appellee.

Susan M. West, Robertson, Monagle & Eastaugh, Anchorage, for appellees/cross-appellants.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

In this case, the plaintiff in a damage action challenges the trial court's denial of its motion to bar the defense of comparative negligence. The defendant cross-appeals the court's denial of its motion for summary judgment based on the alleged "willful misconduct" of the plaintiff's decedent. Both parties appeal issues pertaining to the trial court's award of attorney's fees.

## I

On June 25, 1983, Teresa Bouffioux, age 17, was injured in a one-car accident. Before the accident, Bouffioux and another minor purchased liquor from the Cushman Boxboy, a store in Fairbanks. Neither minor was asked by Boxboy personnel to furnish proof of her age.

Following the accident, Bouffioux was transported to a hospital, where a blood sample was taken. Test results indicated that Bouffioux's blood alcohol level was 0.15, and she was later charged with driving while intoxicated. Approximately one year after the accident, Bouffioux committed suicide.

On February 27, 1985, Bouffioux's estate filed a damage action against L & L Investments & Rasmussen, doing business as Cushman Boxboy (Boxboy). The complaint alleged that the sale of liquor to Bouffioux was unlawful, under AS 04.16.-051[1] and AS 04.21.050,[2] because it was made to a minor without first requiring proof of the buyer's age. The estate asked for an award of damages, for both Bouffioux's injuries and her ultimate death.[3]

Boxboy answered the complaint, alleging several affirmative defenses. These included comparative negligence and willful misconduct on the part of Bouffioux.

Prior to trial, the estate sought a ruling from the superior court[4] that the defense of comparative negligence was unavailable to Boxboy, "as a matter of law." The estate's motion was denied, however, and Boxboy was permitted to go forward with the defense.

Boxboy moved for summary judgment, arguing that Bouffioux's unlawful purchase and consumption of alcohol, and her subsequent act of driving while intoxicated, were "the type of intentional misconduct which bars recovery against another [for negligence]." The trial court denied Boxboy's motion, effectively ruling that Bouffioux's conduct did not, as a matter of law, bar her recovery.

The jury found Boxboy guilty of negligence, for furnishing alcohol to Bouffioux without first asking her for proof that she was of lawful age. Such negligence was also found by the jury to be the proximate cause of Bouffioux's injuries, but not the cause of her death by suicide. The jury concluded that Bouffioux's injuries were worth $144,593.09. Of this amount, $69,-593.09 were for Bouffioux's medical ex-

---

1. AS 04.16.051 provides in part:
   (a) A person may not furnish an alcoholic beverage to a person under the age of 21 years.

2. AS 04.21.050 requires liquor licensees and their employees to procure proof of the age of a person entering a liquor establishment or attempting to purchase alcoholic beverages whenever the licensee or employee "questions or has reason to question whether [that person] has attained the age of 21 years."

3. AS 04.21.020 provides in part:
   A person who provides alcoholic beverages to another person may not be held civilly liable for injuries resulting from the intoxication of that person unless the person who provides the alcoholic beverages holds a license authorized under AS 04.11.080—04.11.220, or is an agent or employee of such a licensee and
   (1) the alcoholic beverages are provided to a person under the age of 21 years in violation of AS 04.16.051, unless the licensee, agent or employee secures in good faith from the person a signed statement, liquor identification card, or driver's license meeting the requirements of AS 04.21.050(a) and (b), that

indicates that the person is 21 years of age or older[.]
We treat the estate's cause of action as arising under AS 04.21.020 since common law claims against a licensee are no longer recognized. *Williford v. L.J. Carr Investments, Inc.,* 783 P.2d 235, 238 & n. 10 (Alaska 1989).

4. The estate sought to bar the defense of comparative negligence, as a matter of law, through a "motion to establish the law of the case." The term "law of the case" generally applies to a situation in which an appellate court makes a determination regarding a question of law, which determination governs subsequent proceedings in the same action. *See generally Stepanov v. Gavrilovich,* 594 P.2d 30, 36 (Alaska 1979). In the case at bar, the estate was not seeking to enforce a determination by an appellate court after a remand; it was seeking, instead, to determine in advance of trial the legal theories to be presented to the jury. The estate's motion requesting that Boxboy be precluded from arguing Bouffioux's comparative negligence was, thus, more akin to a motion for partial summary judgment. *See* Alaska R.Civ.P. 56.

penses and $75,000 were for her general damages.[5] Finally, the jury compared Bouffioux's negligence to that of Boxboy, finding that 90% of the fault was Bouffioux's; the damage award to her estate was reduced accordingly.

Following return of the jury's verdict, the estate filed alternative motions, seeking: (1) judgment without regard to the jury's determination of comparative negligence, (2) reconsideration of the court's rulings on the subject of comparative negligence, (3) a new trial, (4) relief from judgment, or (5) judgment in favor of the estate notwithstanding the jury's verdict. These motions were denied.

Both parties asked for their attorneys' fees. The trial court ruled that the estate was the "prevailing party" and awarded fees based on the amount of the reduced damage award, using the fee schedule set forth in Alaska Rule of Civil Procedure 82. These appeals followed.

## II

■ Each of the issues now on appeal involves a pure question of law. Thus, in reviewing these issues, we are free to substitute our independent judgment for that of the trial court. *Foss Alaska Line, Inc. v. Northland Services, Inc.*, 724 P.2d 523, 526 (Alaska 1986). "Our duty is to adopt the rule of law that is most persuasive in light of precedent, reason and policy." *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

## III

### A. Comparative Negligence

■ The first issue that we address is whether, in a tort action brought by a minor or her estate for injuries caused by the minor's use of liquor purchased unlawfully from the holder of a liquor license, in violation of AS 04.21.050 and AS 04.16.051, the licensee is entitled to defend, in part, on the basis of the minor's comparative negligence in making the illegal purchase.[6] In light of prior case law, and what we believe to be the public policy in Alaska, we hold that a licensee in such circumstances is not entitled to this partial defense.

In *Nazareno v. Urie*, 638 P.2d 671 (Alaska 1981), we held that violation of AS 04.-15.020(a)[7] was negligence *per se*, rendering a liquor vendor civilly liable when the sale of alcohol was a substantial factor in causing injury. *Nazareno* specifically held that a third party injured by an intoxicated customer could recover damages from the negligent liquor vendor. Subsequently, in *Morris v. Farley Enterprises*, 661 P.2d 167 (Alaska 1983), we held that the vendor was liable regardless of whether the suit was brought by an innocent third party or the intoxicated consumer.

In *Morris*, a licensee sold alcohol to Randy Hanson, age 17. Hanson shared the alcohol he had purchased with his companions, one of whom was the driver of the automobile in which they were travelling. *Id.* at 168. Thereafter, an accident occurred in which Hanson and another minor were killed. *Id.* The parents of the deceased minors filed an action against the liquor licensee for the wrongful death of their children based upon the licensee's violation of AS 04.15.020(a). The licensee argued that the complicity of the decedents in contributing to the intoxication of the driver, which was also forbidden by statute, barred the action. *Id.* at 170–71. We held that such "complicity" did not preclude the minor's action against the licensee. *Id.* at 171. In reaching this conclusion, we stated:

> [The] policy [of AS 04.15.020(a)] was, in part, to protect minors from the effects

---

5. In its Memorandum Decision, the trial court stated each component of the award correctly, but slightly misstated the amount of the total award.

6. We explicitly reserved rulings on this question in *Morris v. Farley Enterprises*, 661 P.2d 167, 171 n. 7 (Alaska 1983).

7. AS 04.15.020(a) provided:

   Sale to minors or intoxicated persons. It is unlawful to give, barter or sell any intoxicating liquors, including beer and wine, to a person under the age of 19 years or to an intoxicated person....

   (Repealed 1980).

of alcohol. It was based upon an assumption that minors are relatively incapable of preventing themselves from abusing that dangerous drug. It would run counter to the purpose on which we have acted in adopting the statute as a negligence standard, and thus to the policy of the statute itself, to hold that a minor is barred from maintaining an action by his own illegal role in the liquor's acquisition. As between the seller and the minor, it is the seller who is the responsible party in the transaction. The fact that the minor's conduct was also a misdemeanor ... does not change this relationship. [The statute prohibiting the minor from obtaining alcohol] was passed to prevent minors from acquiring intoxicating liquor, not to protect those who sell liquor to minors from civil liability.

*Id.*

In *Nazareno* and *Morris* we relied, in part, on *Vance v. United States*, 355 F.Supp. 756 (D.Alaska 1973). In *Vance* the district court held that AS 04.15.020(a) was an exceptional statute designed to protect a special class. The district court, therefore, concluded that a minor's contributory negligence should not bar a tort claim against the licensee, because the statute "place[s] the *entire* responsibility for resulting harm upon the violator, for it is virtually impossible for the statute to be violated without contributory negligence on the part of the plaintiff-consumer." *Id.* at 759–60 (emphasis added).

In general, then, we have been unwilling to consider a minor's contributory negligence or complicity in an illegal liquor transaction as an impediment to an action against a liquor licensee who violates AS 04.15.020(a), embodying the same legislative policy and, by design, protecting the same class, *i.e.*, those under the age of 21, from their own inability to protect themselves from the effects of alcohol. Boxboy argues, however, that our adoption of comparative negligence in *Kaatz v. State*, 540 P.2d 1037 (Alaska 1975), undermines the rationale for the rule that a violator of an "exceptional statute" may not plead a plaintiff's contributory fault.[8] We disagree.

The legislature has now codified the doctrine of comparative negligence. AS 09.-17.060 provides:

> In an action based on fault[,] seeking to recover damages for injury or death to a person or harm to property, contributory fault *chargeable to the claimant* diminishes proportionally the amount awarded as compensatory damages for the injury attributable to the claimant's fault, but does not bar recovery.

AS 09.17.060; Ch. 139, § 1, SLA 1986 (emphasis added). This statutory provision is not at all inconsistent with our past decisions, holding that the laws prohibiting the sale of alcohol to minors and obviously intoxicated persons are intended to place the entire responsibility for subsequent harm on the violator. Our cases, like the statute, say essentially that the plaintiff/consumer's contributory fault is not *chargeable to the claimant* in these circumstances, in an action against the violator. Thus, the legislature's adoption of comparative negligence did not change this

---

**8.** Boxboy would have us follow the approach taken in California in *Sagadin v. Ripper*, 175 Cal.App.3d 1141, 221 Cal.Rptr. 675 (1985). There the court noted that prior to the judicial adoption of comparative negligence, the contributory negligence of the plaintiff barred recovery with limited exceptions, including the "special class" exception. *Id.* 221 Cal.Rptr. at 690–93. The "special class" exception eliminated a contributory negligence defense where the negligence action was premised upon a defendant's violation of a statute which was construed as being intended "to place the entire responsibility on the defendant, and to protect

the plaintiff even against the consequences of his own fault." *Id.* at 690 (quoting Prosser, *Selected Topics on the Law of Torts*, Comparative Negligence, at 8–9 (1953)). The underlying policy of the "special class" exception, the court reasoned, was based on the assumption that contributory negligence would bar the plaintiff's action entirely, thereby thwarting the purpose of the statute. *Sagadin*, 221 Cal.Rptr. at 691–92. However, the court found that these underlying concerns were mitigated with the adoption of the comparative negligence doctrine, and, therefore, the "special class" exception was no longer necessary. *Id.*

well established rule.[9]

While we are aware that there is a considerable split of authority in this area of the law,[10] we believe that our holding today best comports with existing Alaska law and sound public policy.

The legislature has passed many laws designed to protect minors from the pernicious effects of alcohol.[11] Such laws, particularly those making it unlawful to sell liquor to a minor, reflect society's belief that *children are not competent to assess in any meaningful way the risks involved in the use of alcohol.*[12] Boxboy was able to exploit this lack of competence, when it sold liquor unlawfully to Bouffioux. However, we can think of no legitimate reason to allow Boxboy to exploit it further, by having its liability to the plaintiff reduced because Bouffioux failed to exercise the same degree of care for her own safety reasonably expected of one more able to assess the risks, when she purchased and used the defendant's product.[13] Boxboy's argument is particularly unpersuasive in light of the fact that it could have avoided *all* liability merely by securing, in good faith, proof that Bouffioux was of lawful age before selling her liquor.[14]

For the above reasons, we hold that a licensee who violates AS 04.21.050 is not entitled to assert the comparative fault of the minor/consumer, in an action for damages resulting from the unlawful sale of

**9.** The following statement is found in 57B Am. Jur.2d § 1173:

As a general rule, the subsequent enactment of a comparative negligence statute will not affect a pre-existing safety statute that provides that contributory negligence is not a defense to a statutory violation. A violation of a statute designed to protect a class of persons including the plaintiff, may also be construed as precluding the defense of comparative negligence.

*See also* H. Woods, *Comparative Fault* § 10.1 (2d ed. 1987 & Supp.1990).

**10.** Cases refusing to apply comparative fault principles to dram shop actions include: *Booth v. Abbey Road Beef & Booze, Inc.,* 532 So.2d 1288, 1290 (Fla.App.1988) (error to reduce verdict on account of plaintiff's comparative negligence in dram shop action); *Slager v. HWA Corp.,* 435 N.W.2d 349, 351–54 (Iowa 1989) (comparative fault not a defense to action brought under dram shop act); *Chausse v. Southland Corp.,* 400 So.2d 1199, 1202 (La.App. 1981) (minor plaintiff cannot have recovery reduced based upon contributory negligence under dram shop act). *Cf. Keenan v. Hydra–Mac, Inc.,* 422 N.W.2d 741, 744–45 (Minn.App.1988), *reversed on other grounds,* 434 N.W.2d 463 (Minn.1989) (Child Labor Standards Act is exceptional statute and violators may not assert plaintiff's negligence as a defense).

Cases applying principles of comparative fault to dram shop actions include: *Del E. Webb Corp. v. Superior Court of Arizona,* 151 Ariz. 164, 726 P.2d 580 (1986) (affirmative defenses of contributory negligence and assumption of risk could be asserted in dram shop actions brought after effective date of comparative negligence statute); *Sagadin,* 221 Cal.Rptr. at 675 (social host may assert minor's comparative negligence as a defense in action brought by minor for host's furnishing him alcohol in violation of a statute); *Lyons v. Nasby,* 770 P.2d 1250 (Colo.

1989) (tavern owner may assert comparative negligence as a defense to negligence action arising out of serving already intoxicated patron who is then injured driving).

**11.** *E.g.* AS 04.11.410 (restricting location of liquor establishment near schools); *see In re Application of Wakefield,* 10 Alaska 599 (D.Alaska 1945) (discussing the legislative intent of passing AS 04.11.410); *see also* AS 04.16.049 (prohibiting minors from entering premises of a licensed liquor establishment).

**12.** *Cf. Whitney–Fidalgo Seafoods, Inc. v. Beukers,* 554 P.2d 250 (Alaska 1976) (laws prohibiting employment of children in occupations dangerous to life and limb are premised, in part, on the notion that children are not competent to assess the risks of personal injury and exploitation attendant in the performance of hazardous activities); *see also Caterpillar Tractor Co. v. Beck,* 593 P.2d 871, 891 (Alaska 1979) (general policy of strict liability demands that responsibility for placing defective products on the market should not be shifted to those in no position to assess the danger).

**13.** Because Bouffioux was a minor, deemed by society incompetent to assess in a meaningful way risks associated with the use of alcohol, this case is readily distinguishable from *Bachner·v. Rich,* 554 P.2d 430 (Alaska 1976), where we allowed the defendant to raise the defense of comparative negligence in an adult plaintiff's damage action based on the defendant's violation of the general safety code.

**14.** AS 04.21.020 provides, in pertinent part, that when such precautions are taken, "[a] person who provides alcoholic beverages to another person may not be held civilly liable for injuries resulting from the intoxication of that person." See note 3, *supra.*

intoxicating liquor.[15]

## B. Intentional Misconduct

■ Having held that a liquor licensee may not assert a minor's comparative negligence to reduce the licensee's liability, it follows that we should reject Boxboy's cross-appeal on the issue of Bouffioux's willful misconduct.[16] Furthermore, we believe our holding in *Morris v. Farley* controls this issue.

■ In *Morris*, we held that the "wrongful conduct of ... Hanson in providing [the driver] with the means of becoming intoxicated did not amount to a superseding cause as a matter of law and therefore did not operate to relieve [the defendant] of liability." *Morris*, 661 P.2d at 170. We concluded further that "intervening causes which lie within the scope of the foreseeable risk, or have a reasonable connection to it[,] are not superseding causes which relieve the initial tortfeasor from liability." *Id.* (noting Professor Prosser's position, cited with approval in *Sharp v. Fairbanks North Star Borough*, 569 P.2d 178, 182 n. 9 (Alaska 1977)). It is well within the scope of foreseeable risk that a minor who purchases alcohol may drive an automobile, and that an alcohol-related accident may result.

Characterizing a minor's conduct in illegally consuming alcohol and then driving an automobile as negligence, complicity, a superseding cause or willful misconduct is little more than word play. For the reasons given in the preceding section, we affirm the trial court's denial of Boxboy's motion for summary judgment.

## C. Attorney's Fees

The trial court determined that the estate was the prevailing party, because it successfully established Boxboy's liability concerning the personal injury claim. The court awarded the estate $4,693.93 for its attorney's fees, calculated according to Alaska Civil Rule 82.[17]

The estate appeals the amount of its award for attorney's fees, arguing that it is entitled to actual attorney's fees because, apart from the excessive cost of the litigation, "it is in the interest of public policy and public interest for attorney's fees to be awarded to prevailing parties in actions where claims are brought and based upon violation of the 'exceptional' statutes affording protection to minors." Boxboy cross-appeals, contending that the estate was not the prevailing party and that, even if it was, the trial court inappropriately awarded attorney's fees under Civil Rule 82.

**15.** Because this case does not involve multiple defendants, we need not decide how the recent Tort Reform Act affects this issue. *See* AS 09.-17.086(a) (stating that "judgment [shall be entered] against each party liable on the basis of several liability in accordance with that party's percentage of fault") (effective March 5, 1989). Multiple defendants might complicate a case when an injured third party brings action against both the minor and the liquor licensee, or when more than one liquor licensee has unlawfully provided the minor with liquor. *E.g., Schreier v. Sonderleiter,* 420 N.W.2d 821 (Iowa 1988). We reserve for future consideration all issues related to multiple defendants.

**16.** In support of its contention, Boxboy relies on *Coudriet v. Southland Corp.,* 198 Cal.App.3d 849, 244 Cal.Rptr. 69 (1988) (unpublished decision), *review denied* (May 5, 1988). In *Coudriet*, a 7–11 employee negligently sold liquor to an obviously intoxicated minor. The minor proceeded to consume the alcohol and further increased his intoxication. Shortly thereafter, the minor was injured in a single-motorcycle accident.

The minor brought suit pursuant to California Business & Professions Code sections 25602.1 and 25658, which create a cause of action against a licensee who provides alcohol to an obviously intoxicated minor and prohibit the sale of alcohol to anyone under the age of 21, respectively. The court held that the minor's "willful misconduct" of voluntarily driving while intoxicated barred his recovery. *Id.* 244 Cal.Rptr. at 72–75; *see also Trenier v. California Inv. & Dev. Corp.,* 105 Cal.App.3d 44, 164 Cal. Rptr. 156 (1980).

**17.** It is not altogether clear which party was to be awarded its attorney's fees. Judge Hodge's Memorandum Decision identifies the estate as the prevailing party, but the judgment states that "IT IS ... ORDERED that defendant L & L Investments, Inc. d/b/a Cushman Boxboy is awarded Civil Rule 82 attorney's fees of $4,693.93 ... against plaintiff Estate of Teresa Bouffioux." The parties' positions on appeal and cross-appeal, however, are that the estate was the prevailing party and that it was awarded Civil Rule 82 attorney's fees.

■ "A party may be the 'prevailing party' if [it] is successful with regard to the 'main issue in the action.'" *Alaska Placer Co. v. Lee,* 553 P.2d 54, 63 (Alaska 1976) (quoting *Cooper v. Carlson,* 511 P.2d 1305, 1308 (Alaska 1973)). The trial court's determination that a party is the prevailing party will be reversed only if the court abused its discretion. *Id.* Moreover, we will not reverse an award of attorney's fees unless "the trial court has abused its discretion to the extent the award is 'manifestly unreasonable.'" *Luedtke v. Nabors Alaska Drilling, Inc.,* 768 P.2d 1123, 1138 (Alaska 1989).

■ Here, we conclude that the trial court did not abuse its discretion in determining that the estate was the prevailing party. In establishing Boxboy's liability for Bouffioux's injuries based on its violation of AS 04.21.050 and AS 04.16.051, the estate was successful with regard to the main issue in the action. *See generally Alaska Placer Co.,* 553 P.2d at 63.

■ On Boxboy's cross-appeal, we conclude that the trial court acted properly in deciding to calculate the attorney's fee award according to Civil Rule 82. The estate's argument for actual attorney's fees is without merit for two reasons: (1) the estate did not assert that it was a "public interest" litigant in the proceeding below and, therefore, the estate may not present the issue on appeal, *Zeman v. Lufthansa German Airlines,* 699 P.2d 1274, 1280 (Alaska 1985), and (2) even if the issue

had been presented below, the estate did not satisfy our stated "public interest" litigant criteria.[18]

Thus, we affirm the trial court's award of attorney's fees according to Civil Rule 82. The *amount* of the fee award, however, must be recalculated, as it was entered on a verdict which was improperly reduced because of Bouffioux's comparative negligence.

The judgment of the superior court is REVERSED in part and AFFIRMED in part. The case is REMANDED to the superior court for entry of an amended judgment not inconsistent with this opinion.

MOORE, J., dissenting, (MATTHEWS, J., joins in part one of this opinion).

**I.**

Because there is nothing in either the language or history of AS 04.16.051 and AS 04.21.050 evincing any legislative intent that liquor licensees should, under all circumstances, bear full responsibility for all damages resulting from the licensee's violation of those acts, I cannot agree with the majority's decision in section III. A. In *Kaatz v. State,* 540 P.2d 1037 (Alaska 1975), this court abolished the contributory negligence rule in favor of instituting the more equitable comparative negligence principle in Alaska. We then stated that the new comparative negligence rule would "apply to *any* case in which the trial com-

18. *See Southeast Alaska Conservation Council v. State,* 665 P.2d 544, 553 (Alaska 1983). The criteria in determining whether a particular lawsuit involves the public interest are:

(1) Is the case designed to effectuate strong public policies?
(2) If the plaintiff succeeds will numerous people receive benefits from the lawsuit?
(3) Can only a private party have been expected to bring the suit?
(4) Would the purported public interest litigant have sufficient economic incentive to file suit even if the action involved only narrow issues lacking general importance?

*Id.* at 553 (quoting *Kenai Lumber Co. v. LeResche,* 646 P.2d 215, 222–23 (Alaska 1982)). "A prevailing public interest plaintiff is normally entitled to full reasonable attorney's fees." *Hunsicker v. Thompson,* 717 P.2d 358, 359 (Alaska 1986); *see also Alaska Survival v. State, Dep't*

of Natural Resources, 723 P.2d 1281, 1292 (Alaska 1986). Even assuming, *arguendo,* that the estate did raise the issue below, the estate does not satisfy the above criteria for the following reasons. First, the case was a simple negligence action against an alleged tortfeasor. There is no indication that the estate filed suit because they believed there was a constitutional or statutory policy violated. *Southeast Alaska Conservation Council,* 665 P.2d at 554. Second, only the estate and other similarly situated members of a special class bringing suit under AS 04.21.-020 and AS 04.16.051 stood to benefit. Third, the state can implement criminal proceedings against the individual clerk, and can further order fines, store closures, and other criminal penalties against offending licensees pursuant to AS 04.16.180. Fourth, by bringing the action, the estate stood to gain hundreds of thousands of dollars.

mences" after the date of *Kaatz*. *Id.* at 1050 (emphasis added). However, in section III. A. of its opinion, the majority clings to a special exception developed under the former contributory negligence rule to mitigate the particular harshness of that principle. When this state abolished that principle, the need for the special exception also vanished; it therefore should not be applied today. For this reason, I respectfully dissent.

In *Kaatz*, we quoted *Li v. Yellow Cab Co.*, 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975), in recognizing that the contributory negligence rule often yielded inequitable and unjustified results due to its "all-or-nothing" nature. 540 P.2d at 1048. Indeed, it was in response to this specific problem that certain special exceptions such as the "exceptional statute" rule and the doctrine of "last clear chance" arose. *See Sagadin v. Ripper*, 175 Cal. App.3d 1141, 221 Cal.Rptr. 675, 690 (1985). The *Kaatz* decision, however, remedied the specific weaknesses of the former rule by adopting the principle of pure comparative negligence. This principle's "allocation of proportionate fault approaches reality more closely than the total loss or victory represented by the contributory negligence rule." 540 P.2d at 1048. This court then acknowledged that certain judicially-created doctrines developed under the contributory negligence rule were no longer useful and should be abolished along with the former rule. The "last clear chance" rule is one such doctrine specifically abrogated by *Kaatz*. We stated, "[w]ithout the contributory negligence rule there [is] no need for the palliative doctrine of last clear chance. To give continued life to that principle would defeat the very purpose of the comparative negligence rule—the apportionment of damages according to the degree of mutual fault." *Id.* at 1050.

The "exceptional statute" rule used by the majority to explain its holding today is clearly another doctrine whose purpose vanished with the abolition of the former rule. Under the contributory negligence scheme, the "exceptional statute" principle served to ensure that plaintiffs within the protected class of a certain statute could bring an action against a defendant who violated that statute despite the plaintiff's own conduct which may have contributed to the defendant's violation. When the comparative negligence principle did away with the harsh all-or-nothing quality of the former rule, however, the particular need for which this special exception was created also disappeared.

It seems beyond dispute that an exception loses its validity once its purpose is exhausted. This approach has been espoused by California in the case of *Sagadin v. Ripper*, 175 Cal.App.3d 1141, 221 Cal.Rptr. 675 (1985). There, the court of appeals correctly reasoned that

> there is no compelling reason why an exception to the rule ought to survive when the rule itself has been abrogated. As enshrined in a maxim of jurisprudence, '[w]hen the reason for a rule ceases, so should the rule itself.' A corollary to that maxim is that when the rule falls, so should its exceptions.

*Id.* 221 Cal.Rptr. at 692 (citation omitted).

Therefore, the *Sagadin* court held that, under the comparative negligence rule, a plaintiff's fault in causing his or her harm should be considered by the fact finder even though the defendant may have violated a statute designed to protect the plaintiff from his or her own inadvertence, unless the legislature has explicitly stated to the contrary. *Id.* at 691–92.

Under this approach, the fact finder will continue to give due regard to the fact that the defendant violated a statute designed to protect the plaintiff. In addition to considering this offense, however, the fact finder should be allowed to consider the plaintiff's own contribution to the resulting harm. In this manner, minors who certainly are or should be aware of the perils of drinking and driving, or who negligently operate a vehicle while impaired, may be held accountable for their conduct in proportion to their degree of fault in causing their harm.

I see no justification for a rule which completely insulates capable minors from responsibility for the consequences of their

actions merely because alcohol is involved. The Alaska Legislature did not intend such a result, nor did it intend that liquor licensees bear full liability for all consequences flowing from their violations of AS 04.16.-051 and AS 04.21.050.

## II.

We have routinely applied comparative negligence principles to actions after *Kaatz.* Indeed, we even apply such principles to strict liability cases where the purpose of the law is similarly to shift the burden of loss away from injured persons who are deemed relatively incapable of protecting themselves. *See Butaud v. Suburban Marine & Sporting Goods, Inc.,* 555 P.2d 42, 46 (Alaska 1976) ("The defendant is strictly liable for the harm caused from his defective product, except that the award of damages shall be reduced in proportion to the plaintiff's contribution to his injury.").

In a pre-*Kaatz* case, we allowed the contributory negligence defense where a defendant-employer violated provisions of the state General Safety Code designed to protect workers, thus injuring the plaintiff-employee. *Bachner v. Rich,* 554 P.2d 430 (Alaska 1976). In *Bachner,* we rejected the same arguments that the court accepts today: that the defendant was better able to prevent the harm; that it was better able to bear risks and to distribute losses; and that the legislative intent behind the Code would be frustrated if the contributory negligence defense were allowed. *Id.* at 438–39. It is impossible to reconcile *Bachner* with the majority's finding today,

especially since the case of the injured worker is far more compelling than that of the minor. Employees in unsafe working conditions are faced with the difficult choice of either accepting certain risks or losing their jobs. Minors, on the other hand, can simply choose to abide by the law and refrain from purchasing alcohol.

Other jurisdictions have held that the comparative negligence system can effectively achieve a balance between liquor licensees' duty not to serve minors and minors' individual responsibility for any harm resulting from their contribution to a licensee's violation of the law. *See, e.g., Lyons v. Nasby,* 770 P.2d 1250, 1259 (Colo.1989) (to prohibit defendant tavern owner from asserting the comparative negligence defense runs counter to the traditional tort principle that there be fault on the defendant's part and that this fault contribute to a plaintiff's harm); *Sagadin v. Ripper,* 175 Cal.App.3d 1141, 221 Cal.Rptr. 675 (1985).[1]

The majority relies on *Vance v. United States,* 355 F.Supp. 756 (D.Alaska 1973), and *Morris v. Farley Enters.,* 661 P.2d 167 (Alaska 1983), for the general proposition that we have been unwilling to consider a minor's contributory negligence or complicity in an illegal liquor transaction as an impediment to the minor's action against a liquor licensee who violated AS 04.16.051. This is undoubtedly true.[2] I do not agree, however, that this general proposition also grants absolute immunity to minors for the consequences of their willful conduct in unlawfully procuring and consuming alcohol, and then engaging in conduct such as driving a car, in knowing disregard of the risks associated with drinking and driving.

1. Many jurisdictions allow the comparative negligence of a minor to be considered in actions against social hosts who serve alcohol to minors in violation of statutes. *See, e.g., Longstreth v. Gensel,* 423 Mich. 675, 377 N.W.2d 804 (1985) (minor's action against social host who violated statute is subject to comparative negligence statute since, although minors are not considered competent to handle the effects of alcohol, the law presumes they are competent to operate automobiles nonnegligently); *Sage v. Johnson,* 437 N.W.2d 582 (Iowa 1989) (agreeing with court's reasoning in *Longstreth* ); *Batten v. Bobo,* 218 N.J.Super. 589, 528 A.2d 572 (Law Div.1986) (although statute's intent is to protect minors from own lack of maturity, minors'

comparative negligence may be considered by the jury in action against social host); *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983) (because they may be held liable as adults for certain offenses and are presumptively capable of negligence, minors' comparative negligence should be considered in action against social host even though minors are legislatively determined incompetent to handle effects of alcohol).

2. However, I note that *Vance* predates the *Kaatz* decision and is therefore of little precedential value to this court.

In arriving at its conclusion to the contrary, the majority not only exaggerates *Morris* and *Vance,* but it ignores the policy unambiguously set forth in *Kaatz.* The *Morris* and *Vance* cases therefore do little to persuade me that the judiciary should preserve the "special statute" exception to the contributory negligence rule in the absence of any legislative encouragement to do so.

Indeed, the Alaska Legislature's recent codification of the comparative negligence rule would seem to be evidence of its intent to apply comparative negligence principles to all actions, including those brought under AS 04.16.051. Alaska Statute 09.17.060 states the policy adopting the comparative negligence rule, and AS 09.17.080 instructs the judiciary to apply that rule "[i]n *all* actions involving fault of more than one party to the action...." AS 09.17.080(a). (Emphasis added). Neither section, however, contains any limiting language to indicate the legislature's intent that actions brought under AS 04.16.051 be treated under some other rule.[3]

The majority's concern that minors would not be deterred from negligent action even if the comparative negligence defense was available to liquor licensees does not make its decision today any more persuasive. In my opinion, a rule allowing the comparative negligence defense would, in fact, have a deterrent effect on the actions of minors. However, I do not see the issue in this case as one of deterrence; it is instead whether individuals who negligently contribute to their own injuries should be held legally accountable for their conduct. I fail to see why minors should not be deemed capable of accepting some responsibility for their actions where alcohol is concerned when we routinely expect minors to act responsibly in other areas of the law. For example, we often determine that minors well under the age of twenty-one may be criminally tried as adults because we deem them capable of conducting themselves according to the same standards expected of adults.

Similarly, we expect all persons operating motor vehicles to conform to an adult standard of care. *See* Prosser and Keeton, *Prosser and Keeton on Torts* 181 (5th ed. 1984); *Krieger v. Howell,* 109 Idaho 704, 710 P.2d 614 (1985). Although I agree that a minor's willful conduct in driving while intoxicated does not constitute an intervening act sufficient to completely bar the minor's recovery against the liquor licensee, it strikes me as beyond question that such negligent operation of `a vehicle should be considered by the fact finder in assessing the degree of fault attributable to each party.

As for deterring liquor licensees, the comparative negligence rule does not allow licensees to escape responsibility for their unlawful conduct. Vendors continue to have a decided interest in checking the identification of young-looking purchasers. What the defense does allow, however, is for fact finders to achieve just and equitable outcomes based on the overall circumstances of each case while also fulfilling the purpose of AS 04.16.051. A jury can be instructed to make some apportionment of fault under the specific facts of each case to account for the gravity of the licensee's violation of Alaska law by selling alcohol to a member of a protected class. Thus, the vendor who violates the law will be civilly liable for its action. The comparative negligence mechanism only ensures that the licensee will not bear a disproportionate amount of fault solely because it is deemed the "deep pocket" of the lawsuit. To the extent the majority's rule today precludes such equitable tailoring to reflect the individual merits of each case, I cannot join its decision.

---

**3.** The majority reasons that because we have never "charged" a minor plaintiff with any contributory fault in these circumstances, none will be charged under AS 09.17.060. This lacks a logical foundation. After *Kaatz,* and more recently AS 09.17.080, comparative fault should be chargeable to minors absent some clear legislative expression to the contrary.