Standby Gabtehsteik, J.
The within neglect proceeding brings into direct collision two public policies of this State, each being critical to the existence of the hody of law enacted pursuant thereto.
The petition alleges that the infant Gigi, less than a year old, has been neglected by virtue of the fact that her mother, the respondent herein, is a drug addict. If the alleged addiction can be established, this would, standing alone, form a statutory basis for a prima facie finding of neglect. (Family Ct. Act, § 1012, subd.. [f], par. [i], cl. [B].)
The infant had been the subject of an emergency removal from the mother’s custody and is currently in the temporary custody of the Commissioner of Social Services.
*177 To sustain the allegation of neglect by virtue of drug addiction, the Bureau of Child Welfare, which is the petitioner herein, has subpoenaed the records of the New York State Narcotic Addiction Control Commission in whose program for rehabilitation the respondent is enrolled. In response to the court-ordered subpoena, the commission has produced its records under seal to be broken only by the court if it rejects the attack on their admissability to be discussed herein; and it further argues, by special appearance, that these records are the subject of statutory privilege both to the respondent and to the commission. In addition, it has sent the following communication to the court:
“In response to the subpoena of the Family Court of the State of New York, Docket number N2361-72, in the case involving the above client, Patricia B., we submit the following information:
“ The client was restored to Aftercare program on June 23, .1972, and then reported to Aftercare Office on June 26, 1972 and July 3,1972. Urine specimens taken at that time have returned positive — indicating the use of heroin. Since then, the client has failed to report to Aftercare on July 10 and 17, 1972, and she is in the process of violating the terms of her Aftercare status.
“ We hope that the above information is sufficient. Please contact us if you require further assistance. ’ ’
Both the commission and respondent argue that the records of the commission are absolutely privileged and not admissable in evidence.
STATUTORY PRIVILEGE-BASIS
The statute governing commitment proceedings for drug addicts is article 9 of the Mental Hygiene Law, more specifically, section 206-b which provides that the facts and proceedings “ relating to the admission, certification or treatment of any such narcotic addict ’ ’ may not be introduced into evidence “ against him in any proceeding in any court, other than a proceeding pursuant to the provisions of this article ”. (Italics supplied.)
It has been held that this statute creates immunity to the addict as a matter of substantive law- in addition to being privileged as a matter of evidence (Matter of Spadafora, 54 Misc 2d 123, affd. 29 A D 2d 742; Matter of James, 29 A D 2d 72, revd. on other grounds 22 N Y 2d 545).
THE STATE’S PRIVILEGE
The Narcotics Addiction Control Commission argues that, aside from any privilege running in favor of the respondent, *178 the State itself has a vested right to invoke its own independent privilege. It is argued that a diminution of the immunity granted by article 9 of the Mental Hygiene Law will weaken a program which depends on the confidence of those it seeks to cure. The court makes no ruling on this argument. Suffice it to say that if indeed a privilege does exist independently in favor of the State, and we are not convinced that it does, the State has as much capacity to waive it as does any other litigant. As respondent herself points out, a privileged communication may be waived (Regan v. National Postal Transp. Assn., 53 Misc 2d 901) and the waiver need not be overt or conscious but may be1 spelled out by acts committed by a party otherwise entitled to assert it (Lynch v. Mutual Life Ins. Co., 55 Misc 2d 179, Mancinelli v. Texas Eastern Transmission Corp. 34 A D 2d 535). Further, a partial waiver of a privilege effectively waives the entirety thereof (Clark v. Geraci, 29 Misc 2d 791).
The court holds that if a privilege ever existed independently in favor of the State, that privilege was effectively waived by the letter in question.
respondent’s privilege
Respondent resolutely refuses to waive her privilege and argues that the clear public policy of the State encourages addicts to come forward and accept treatment, assured by statute that disclosure will not be forthcoming. The Legislature has indeed found that the widespread epidemic of drug abuse merits certain incentives for an addict to come forward and accept treatment.
On the other hand, the court recognizes that the public policy of this State has addressed itself equally as strongly to instances of child abuse and neglect which escape civilized description, with the .enactment of article 10 of the Family Court Act, the so-called ‘ ‘ Children’s Bill of Rights ”. Among the procedural benefits given children who have no other weapons with which to defend themselves is section 1038 of the Family Court Act which provides that upon subpoena “Each hospital and any other public or private agency having custody of any records * * * or other evidence relating to abuse or neglect * * * shall be required to send such records * * * or evidence to the court for use in any proceeding relating to abuse or neglect under this article ”. (Italics added.)
It is quite clear that the language of section 1038 is equally as strong and uncompromising as is that of article 9 of the Mental Hygiene Law. The enactment of section 1038, however, came some four years subsequent to that of article 9 and the court holds as a matter of law that the Legislature is presumed to *179 know that the absolutes of article 9 were diminished by the absolutes of section 1038. Accordingly, section 1038, being more recent, must be given overriding effect.
The court also considers the fact that it has been held that the due process of law extended to infants must outweigh due process to their parents (Matter of S v. S, 63 Misc 2d 1). In this latter holding, the court pointed out that this consideration is so strong that the Court of Appeals (Matter of Lincoln v. Lincoln, 24 N Y 2d 270) went so far in a custody matter as to permit the introduction of ex part§ evidence.
Finally, as regards the other arguments raised, it must be pointed out that the right to adjudicate addiction is not exclusive to the Supreme Court and vests in this court as an adjunct to the duty to determine child abuse or neglect (Matter of John, 61 Misc 2d 347). Moreover, the arguments concerning purported self incrimination fall in the face of holding that an abuse or neglect proceeding is civil in nature (Matter of Brown, 50 N. Y. S. 2d 106; Matter of Carstairs, 115 N. Y. S. 2d 314).
The court places the privilege established by article 9 of the Mental Hygiene Law on the same footing as the doctor-patient, husband-wife, and social worker-client privileges, each of which is taken away in abuse and neglect situations. (Family Ct. Act, § 1046, subd. [a], par. [vii]).
ORDER
The motion to quash the subpoena is denied; the objection to the introduction of the records is overruled. The seal is to be broken and the records opened in court in the presence of counsel for all parties on the recalendered date. In the interests of justice and to prevent surprise, their contents may be examined by counsel to all parties at that time. This matter shall be recalendered for trial within one week thereafter.
The court especially notes the excellent arguments and copious memoranda of law .submitted by opposing counsel on this question which appears to be of novel impression in this State.