**WHITNEY–FIDALGO SEAFOODS, INC.,**
a Maine Corporation, Petitioner,

v.

**Sharon Joy BEUKERS, Respondent.**

No. 2654.

Supreme Court of Alaska.

June 18, 1976.

Robert L. Eastaugh, of Delaney, Wiles, Moore, Hayes & Reitman, Anchorage, for petitioner.

Milton M. Souter, Kodiak, for respondent.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

OPINION

CONNOR, Justice.

I

■ In this case we address the question of whether AS 23.30.055, the exclusive liability provision of the Alaska Workmen's Compensation Act, bars a common law damage action when such an action is brought against an employer by a person who was employed in violation of child labor laws at the time of injury.[1] The employer and defendant below, Whitney-Fidalgo Seafoods, Inc.,[2] has petitioned us for review of the superior court's denial of Whitney-Fidalgo's motion for summary judgment on this issue. In its memorandum of decision the superior court held that an illegally employed minor is not limited to workmen's compensation benefits in pursuing a personal injury claim against the employer, but rather can elect to proceed against the employer in tort.

We have granted review because the order entered below involves a controlling question of law as to which there is a substantial difference of opinion. An immediate review of the order will enhance the ultimate termination of the case. We believe that justice will be served by granting a present and immediate review of the order.[3]

Respondent Beukers has alleged that she was 17 years old on March 26, 1973, when she injured her left hand in a crab meat extraction machine while working in petitioner's seafood cannery in Kodiak. For purposes of its motion for summary judgment and this petition for review only, petitioner admits the foregoing circumstances, and that the machine was "dangerous to limb" under AS 23.10.350(4). Petitioner likewise admits that it was informed of respondent's age when it hired her on February 20, 1973. We will assume for purposes of this petition that respondent was an illegally employed minor at the time of injury, under AS 23.10.350(4) which provides:

"*Employment of Children under 18.* No minor under 18 years of age may be employed or allowed to work . . . (4) in an occupation dangerous to life or limb or injurious to his health or morals."

Criminal penalties are provided for violation of this provision.[4]

Respondent Beukers commenced a civil action against petitioner on June 17, 1974. Thereafter, petitioner moved for summary judgment on the ground that AS 23.30.055 barred said civil action. In support of its motion, petitioner offered an affidavit which establishes that as of August 27, 1974, respondent had received compensation benefits for temporary total disability in the amount of $4,719.29, and was continuing to receive payments at the rate of $65.00 per week; that medical expenses in the sum of $13,937.16 had been paid; and that although Beukers had not yet received a permanent disability rating, a rating of permanent partial disability was anticipated. Beukers does not contest the affidavit, and concedes that she has received substantial compensation benefits. However, it is her position that she never applied for

1. Respondent raised two additional questions in her answer to the petition. However, we have granted review only on the question mentioned here because the court below never reached these additional issues.

2. Whitney-Fidalgo Seafoods, Inc. was one of two named defendants in the civil action be-

fore the superior court. However, the other defendant has not joined this petition.

3. Appellate Rules 23 and 24.

4. AS 23.10.370.

the benefits, and further, that as a matter of policy this court should not hold the temporary acceptance of benefits as a waiver of her right to proceed in tort using AS 23.10.350(4).

## II

The Alaska Workmen's Compensation Act does not specifically address the question which remedies are available to illegally employed minors injured in the course of their employment.[5] Nevertheless, both parties argue that provisions of the act are dispositive of the question presented in this case.

Petitioner asserts that the exclusive liability provision of the Alaska Workmen's Compensation Act precludes common law suit by a minor employee, as well as all other employees. AS 23.30.055 provides in pertinent part:

"The liability of an employer prescribed in § 45 of this chapter is exclusive and in place of all other liability of the employer . . . ."

Petitioner points out that in 1959 when the modern version of the workmen's compensation act was enacted, the child labor law imposing criminal penalties had been in effect for ten years.[6] Petitioner argues that if the legislature had intended the child labor laws to create a special exception to the exclusive liability provision, it would have expressed that intention in the compensation act. Petitioner also maintains that because the legislature did not provide double or triple compensation benefits for illegally employed minors, as a number of other states have done, this demonstrates an intention not to distinguish between minor employees and others.

Respondent fully admits that the Alaska Workmen's Compensation Act does not contain any explicit exception for minor employees, legally or illegally employed. Respondent, however, refers to the contract of hire provision of the act for support of her contention that persons in her position are not precluded from seeking common law remedies against their employers. AS 23.30.020 provides:

"*Chapter part of contract of hire.* This chapter constitutes part of every contract of hire, express or implied, and every contract of hire shall be construed as an agreement on the part of the employer to pay and on the part of the employee to accept compensation in the manner provided in this chapter for all personal injuries sustained."

According to this statutory provision, coverage under the workmen's compensation act must arise from a contract of hire, express or implied. Moreover, to establish the relationship of employer-employee for purposes of the Act, a contract of hire must have entered into. *City of Seward v. Wisdom,* 413 P.2d 931, 935–36 & n. 9 (Alaska 1966); *Selid Construction Co. v. Guarantee Insurance Co.,* 355 P.2d 389, 393 (Alaska 1960). Thus, in *City of Seward* supra, we denied compensation benefits to the widow of a man who died while volunteering his services to the City of Seward following the earthquake of 1964, because we found that the deceased, as a volunteer, was not an employee of the City of Seward under either an express or implied contract of hire at the time of his death.

Respondent urges us to adopt the principle that where the contract between the employer and minor is illegal, or at least voidable, the employer should not be able to shield itself from common law liability by asserting the existence of an employer-employee relationship, and thus remitting the minor to a claim for compensation under the workmen's compensation act. *See*

---

5. In contrast, in many jurisdictions the right of an illegally employed minor to seek compensation benefits or bring a damage suit is controlled by express statutory provision. A number of compensation acts add penalties in the form of increased compensation, and some give an option to claim compensation or damages. 1A A. Larson, Workmen's Compensation § 47.52(a) (1973).

6. AS 23.10.325 et seq.

*Maynerich v. Little Bear Enterprises, Inc.,* 82 N.M. 650, 485 P.2d 984, 986 (1971); *Hadley v. Security Elevator Co.,* 175 Kan. 395, 264 P.2d 1076, 1078 (1953); *Rock Island Coal Mining Co. v. Gilliam,* 89 Okl. 49, 213 P. 833, 835 (1923).

In order to determine what the respondent's remedies are, we must examine the nature of her relationship with petitioner Whitney-Fidalgo. The essence of a workmen's compensation system is that it is a mutual arrangement of reciprocal rights between employer and employee, whereby both parties give up and gain certain advantages.[7] It is from the contract of hire, either express or implicit in the employment relationship, that compensation coverage flows, with the concomitant adjustment of rights and remedies between employer and employee. If the petitioner in this case is to succeed in barring respondent's common law suit, it must show that a valid contract of hire was entered into.

 The agreement in question was patently illegal, and at a minimum was voidable at the option of the minor. The child labor laws, and AS 23.10.350(4) in particular, are premised in part on the notion that a child is not competent to assess the risks of personal injury and exploitation attendant in the performance of hazardous activities. Where one party to an agreement possesses a legal disability of this type, we will not permit the other, who occupies a superior bargaining position, to

raise the agreement as a shield against the child's common law suit. Accordingly, we hold that where an employer has knowingly entered into an illegal contract of employment with a child, in express violation of a statute, the employer will not be permitted to insist that a child is an "employee" within the terms of the workmen's compensation act, so that the child can no longer assert its common law rights against the employer.[8] To hold otherwise would be to allow the employer to vindicate and benefit from a contract of hire which is repugnant to public policy.

### III

Two further points must be addressed. As noted by petitioner, the memorandum decision of the superior court intimates that a party in respondent's position may elect to pursue either judicial or administrative remedies when seeking to recover for personal injuries incurred in the course of employment. Petitioner contends that such an election is impermissible, and that even if such an election were permissible, respondent's acceptance of compensation benefits establishes her election and consequent waiver of any rights she may have had to pursue a common law action.

 As to the first point, we hold that a party in respondent Beukers' position does indeed possess the right to make such an election. It would be just as inequitable to allow the employer to avoid liability for

---

7. We noted in *Searfus v. Northern Gas Co.,* 472 P.2d 966, 968–69 (Alaska 1970), that the common law definition of "master-servant" should not be applied in workmen's compensation act determinations and that the "relative nature of the work" test should be used. *See also Laborers and Hod Carrier's Union, Local No. 341 v. Groothuis,* 494 P.2d 808, 810 (Alaska 1972); 1A A. Larson, Workmen's Compensation § 47.10 (1973).

8. We are not persuaded by petitioner's contention that our holding in this case constitutes an impermissible and unwarranted amendment of the workmen's compensation act by reference to the child labor law. Nor do we believe our holding represents an attempt to secure enforcement of the child labor law by circuitous means. On the contrary, the basis of our decision lies in our understanding of the scope and importance of the contract of hire provision of the compensation act itself. The authorities cited by petitioner have largely been taken from jurisdictions which do not require a nonvoidable contract of hire to establish compensation coverage. *See, e. g., Mellen v. H. B. Hirsch & Sons,* 82 U.S.App.D.C. 1, 159 F.2d 461 (1947); *Noreen v. William Vogel & Bros., Inc.,* 231 N.Y. 317, 132 N.E. 102 (1921). As for those cases cited by petitioner which are from jurisdictions which impose a contract of hire requirement, we believe that our holding represents the better view.

compensation benefits on the basis of the illegality of the employment contract, as it would be to permit it to deny common law liability on the basis of the wrongful contract. We hold that this form of illegality produces a voidable, rather than void, contract. Thus we believe the minor should have the option of avoiding or ratifying the contract of hire, similar to the prerogative minors possess with regard to other contractual arrangements. In so holding, we further the intent of the legislature to protect minors in employment relationships from exploitation and similar abuses.

■ We also disagree with petitioner's second contention in that the record does not indicate that a valid election occurred. Professor Larson has stated:

"Mere acceptance of some compensation benefits . . . is not enough to constitute an election. There must also be evidence of conscious intent to elect the compensation remedy and to waive his other rights." [9] (Footnotes omitted).

Respondent Beukers asserts that she never applied for the benefits. Absent any evidence of a conscious intent on her part to choose compensation benefits, respondent cannot be held to have waived her right to a common law remedy. It should be noted that if no further evidence on the waiver question is introduced in this proceeding, and Beukers is adjudged not to have waived her right, all compensation benefits received should be applied against any damages recovered against petitioner. The whole question of whether respondent elected to receive compensation and waive her other rights is, at this point in the proceedings, a matter for initial determination by the superior court.

The order of the superior court is affirmed.

9. 2A A. Larson, Workmen's Compensation § 67.22 (1976). Larson also quotes an Oklahoma case wherein it is stated that the requirements of a binding election are as follows:
"First, a full knowledge of the nature of the inconsistent rights, and the necessity of electing between them. Second, an intention to elect manifested, either expressly or by acts which imply choice and acquiescence." *McAlester Corp. v. Wheeler*, 205 Okl. 446, 239 P.2d 409, 412 (1951).