**WHITNEY FIDALGO SEAFOODS, INC., Plaintiff,**

v.

**HOME INSURANCE CO. and Mission Insurance Co., Defendants.**

**No. A77–57 Civil.**

United States District Court, D. Alaska.

March 21, 1978.

David H. Thorsness, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, Alaska, for plaintiff.

John S. Hedland, Anchorage, Alaska, for Home Ins. Co.

David B. Ruskin and R. Eldridge Hicks, Anchorage, Alaska, Duane Tewell of Elvidge, Veblen, Tewell, Bergman & Thorpe, Seattle, Wash., for Mission Ins. Co.

Robert L. Richmond, Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDER

VON DER HEYDT, Chief Judge.

This cause comes before the court on defendant's motion for summary judgment. The present case is a declaratory relief action brought by Whitney-Fidalgo to determine the coverage of certain insurance policies. The event underlying this action was the injury of a minor while working at plaintiff's crab processing plant. In an action brought by the injured girl the Alaska Supreme Court held that a minor who is illegally employed has the ability to void the employment contract for the purpose of

avoiding the exclusive remedy provisions of the Worker's Compensation Act. *Whitney Fidalgo v. Beukers,* 554 P.2d 250 (Alaska 1976). Upon remand to the Superior Court the injured girl accepted a settlement of $470,000.00. Plaintiff herein seeks insurance coverage for that settlement.

A review of the memoranda and supporting material submitted on this motion reveals that at the present time all issues, with one exception, involve disputes over material issues of fact upon which summary judgment is not appropriate.

The one issue that is appropriate for summary judgment is the question of whether coverage is afforded to an illegally employed minor under the general liability policy issued by defendant. That policy provides general liability coverage with one exception pertinent herein. Exclusion H of that policy provides that:

"This insurance does not apply . . . (h) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured."

The question which is presented is whether an illegally employed minor who elects to proceed under common law rather than workers compensation as allowed in the companion case of *Whitney Fidalgo v. Beukers, supra,* is an employee for the purposes of this exclusion.

Defendant takes the position that while the Alaska Supreme Court allowed the illegally employed minor to avoid the proscriptions imposed by the worker's compensation laws as an employee, that decision did not provide that the minor was not an employee in the common-law or generic sense. As support for the proposition it refers to language in the Supreme Court opinion referring to plaintiff herein as the employer. Defendant also cites several cases which support its theory.

As recognized by both parties the issue of whether an illegally employed minor is an employee within the terms of an insurance

exclusionary clause has authority supporting both positions. *See generally* Anderson, *Couch on Insurance,* § 45:614–§ 45:615; Annot.: *Liability Policy—Employee Exclusion,* 34 A.L.R.3d 1397, 1408–11. The court concludes that in Alaska the appropriate rule is that such an exclusion does not operate to exclude illegally employed minors.

In Alaska it has been held that insurance policies are contracts of adhesion for the purposes of determining the rights of the parties thereto. *Graham v. Rockman,* 504 P.2d 1351, 1357 (Alaska 1972). A corollary of this doctrine is that exclusions to a policy must be construed strictly against the insurer. *Kalmbach v. Ins. Co. of Pa.,* 529 F.2d 552, 555 (9th Cir.1976); *Hahn v. Alaska Title Guaranty,* 557 P.2d 143, 144–45 (Alaska 1976). Based upon these general tenets of insurance law in Alaska the court holds that summary judgment is appropriate, *Gillespie v. Travelers Ins. Co.,* 486 F.2d 281, 284 (9th Cir.1973), and that persons employed in violation of state law who elect to void their employment contract are not employees within the meaning of the general exclusionary clause. *Western Casualty & Surety Co. v. Teel,* 391 F.2d 764, 770 (10th Cir.1968). It should be stressed that it is nothing singular in the definition of "employee" which dictates this result but rather it is the application of principles of insurance law. The definition of employee for other purposes must turn on considerations of the law relevant to those purposes.[1]

In the companion case the Alaska Supreme Court both accepted as admitted for the purposes of the opinion and stated as a conclusion that the injured person was illegally employed. *Compare* 554 P.2d at 251 with 554 P.2d at 553. The court is unable at this time to ascertain whether the latter statement was based upon the former and thus does not hold that this exception does not apply on the facts of this case. Rather the holding is that if a minor is illegally employed and chooses to void the employ-

---

1. The court notes that defendant apparently was capable of expressing the concept of illegally employed minors precisely as it did so in Attachment 9 to the policy. It is worthy of

further note that such an individual was referred to as a "*person* knowingly employed. . . ." rather than an "*employee* knowingly employed."

ment contract that the exclusion in this case does not preclude coverage.

Accordingly IT IS ORDERED:

1. THAT defendant's motion for summary judgment is denied.

2. THAT summary judgment on the limited issue outlined in this memorandum is granted in favor of plaintiff. See 10 Wright & Miller, *Federal Practice and Procedure,* § 2720 p. 467–68.