■ In the Matter of THOMAS SCHLOSS, Appellant, v BARBARA SCHLOSS, Respondent.—Judgment, Supreme Court, New York County, entered December 13, 1977, which dismissed the father's petition seeking transfer of custody of the two children of the marriage from the respondent mother and which directed petitioner to pay $16,000 to respondent's counsel, unani-

mously modified, on the law, without costs and disbursements, to the extent of reinstating the petition and remanding the matter for a medical examination of respondent, a family counseling unit investigation and report, and a new hearing, with custody and visitation to remain as stated in the judgment pending a new determination, and reducing the $16,000 legal fee to $10,000 inclusive of services on the present appeal plus disbursements of $2,100 and, as so modified, affirmed. Mindful of the overriding consideration of the best interest of the children (which criterion was not ignored by Special Term as claimed by petitioner) and desirous of avoiding "a roller-coaster treatment of custody" (Dintruff v McGreevy, 34 NY2d 887, 888), we view the record as mandating a new hearing. Petitioner's motion for a medical examination of respondent and related relief prior to the hearing on custody was not disposed of. Respondent's recent illness is a factor bearing on her ability to care for the children. Patently, a medical examination of respondent by a physician selected and agreed upon by the parties, or, failing such agreement, by the court, would be informative and conducive to a reasoned determination of the custody issue. Further, in light of the conflicting statements of the parties and in view of the best interest of the children guideline, recourse to the investigative facilities of the family counseling unit of the Supreme Court by Special Term is warranted. In passing, we note the intemperate, albeit well-meaning language of the Trial Justice's opinion. Respecting the $16,000 legal fee awarded and keeping in mind the results achieved, the standing of counsel, the comparative complexity of the proceedings and the other guidelines, we regard such fee as excessive on this record and reduce same to $10,000 inclusive of services of the present appeal plus disbursements of $2,100. Concur—Lupiano, J. P., Birns, Silverman, Markewich and Sullivan, JJ.