■ In the Matter of THEODORE DAVISS, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. (See *Matter of Grossman v Parole Bd. of State of N. Y.,* 74 AD2d 727.) (Appeal from judgment of Wyoming Supreme Court —art 78.) Present—Cardamone, J. P.,, Simons, Schnepp, Doerr and Witmer, JJ.

■ In the Matter of KARL F. BARTH, Appellant, v SARA J. BARTH, Respondent.—Order unanimously reversed, without costs, and motion granted in accordance with the following memorandum: In a habeas corpus proceeding to change custody of the two children of the parties from respondent mother to petitioner father, the father moved for an order requiring the mother to furnish to him a copy of her medical records, especially those relating to psychiatric therapy. Special Term denied the motion, stating that the privilege of confidentiality of such records "should not be disturbed, at least until a trial court has determined that such records are indeed necessary in light of the testimony which has been offered", citing our decision in *Perry v Fiumano* (61 AD2d 512, 519). Special Term added that the decision was without prejudice to an application "either at trial, or pursuant to CPLR 3121 requiring respondent to submit to a court-ordered psychiatric examination". The father then moved at Special Term for an order pursuant to CPLR 3121 requiring respondent mother to submit to a mental examination. The court denied the motion without prejudice to renewal "at the trial of the within action"; and petitioner appeals. It is undisputed that respondent has had emotional problems. In resisting the motions respondent has asserted that her condition was caused by friction with petitioner and that since the parties separated that condition no longer exists. However, there are allegations in the record made by the petitioner on personal knowledge that long since the separation respondent has continued to have serious emotional problems. We have recognized that in such circumstances the court may require disclosure of confidential medical records *(Perry v Fiumano, supra),* and the statute expressly provides for the mental examination of a party (CPLR 3121). Clearly, on the trial of this case the court must take evidence concerning respondent's emotional stability. The disposition of the case should not be delayed by putting off disclosure until the time of trial. In light of respondent's recent history we think that Special Term abused its discretion in delaying the mental examination of respondent (see *Matter of Schloss v Schloss,* 63 AD2d 898). If the parties do not stipulate as to who shall examine respondent, the court shall designate a psychiatrist to conduct the examination. This should be done promptly and this proceeding should thereafter be brought to trial without further delay. (Appeal from order of Onondaga Supreme Court—disclosure.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Witmer, JJ.

■ MICHAEL MAYBEE, an Infant, by GARY MAYBEE, His Father and Natural Guardian, et al., Appellants, v PAUL WIRTH, an Infant, by SHARON WIRTH, His Mother, et al., Respondents.—Order unanimously affirmed, without costs, for the reasons stated at Special Term, Sedita, J. (Appeal from order of Erie Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.