■ JOSEPH DEBLASIO, Appellant, v CAROLYN DEBLASIO, Respondent.—In a matrimonial action in which the parties were divorced by judgment of the Supreme Court, Nassau County (McCabe, J.), entered February 10, 1988, and in which the plaintiff former husband has applied for a change in child custody, the plaintiff former husband appeals from an order of the same court dated March 31, 1992, which denied his motion to compel the nonparty witnesses Nassau County Medical Center, Franklin General Hospital, and South Oaks Hospital, to produce all records relating to their treatment of the defendant former wife in connection with drug addiction or drug dependency, including alcohol addiction or alcohol dependency.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, the motion is granted, and the nonparty witnesses Nassau County Medical Center, Franklin General Hospital, and South Oaks Hospital, are directed to produce all records in their custody which relate to the treatment of the defendant former wife for drug addiction or drug dependency, including alcohol addiction or dependency; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for the purposes of specifying the time and place at which the production of the records is to be made, and for further proceedings consistent herewith.

In connection with an on-going post-judgment child custody

dispute, the plaintiff requested that medical records relating to the defendant's drug rehabilitation be "deliver[ed] to the court". Under the particular circumstances of this case, we conclude that the defendant's interest in preserving confidentiality must yield to the paramount interest of protecting the well-being of the parties' young child (see, Burgel v Burgel, 141 AD2d 215; see also, Matter of Barth v Barth, 74 AD2d 1002). Therefore, the three nonparty witnesses should produce whatever records they have which relate to their treatment of the defendant for drug and for alcohol addiction or dependency, to be held confidential pursuant to Domestic Relations Law § 235. Other records need not be produced. We remit the matter to the Supreme Court in order to permit it to make such directives concerning the time and place for the production of these documents as are consistent with its scheduling of further proceedings in this case. Bracken, J. P., Harwood, Balletta and Eiber, JJ., concur.