869 P.2d 160 (1994)
In the Matter of D.D.S., a Minor Under the Age of Eighteen (18) Years. Date of Birth: 07/15/91.
No. S-5687.
Supreme Court of Alaska.
March 4, 1994.
Dianne Olsen, Asst. Atty. Gen., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for petitioner Department of Health & Social Services.
Margi Mock and David B. Koch, Asst. Public Defenders, and John B. Salemi, Public Defender, Anchorage, for respondents M.S. and M.N.
Before MOORE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

*161 OPINION

MOORE, Chief Justice.

INTRODUCTION
This case involves a petition filed by the Alaska Department of Health and Social Services (Department) to terminate the parental rights of M.S. and M.N. over their child D.D.S. on the grounds of alcohol-related neglect. The issue presented is whether AS 47.37.210, which provides that "the registration and other records of [alcohol] treatment facilities shall remain confidential and are privileged to the patient," creates an evidentiary privilege in Child in Need of Aid (CINA) proceedings. At trial, the superior court denied the Department's motion for access to the parents' treatment records. The Department then filed a petition for expedited review with this court. We reverse the superior court's decision and hold that, to whatever extent AS 47.37.210 may be interpreted to create an evidentiary privilege, such privilege does not apply in CINA proceedings.

FACTS AND PROCEEDINGS
On October 13, 1991, the Alaska Department of Health and Social Services, Division of Family and Youth Services (DFYS) took custody of D.D.S., an Indian child as defined by the Indian Child Welfare Act, 25 U.S.C. §§ 1901-1963 (1988). This action was taken as a result of a police response to a disturbance call. The parents were found intoxicated, fighting, and unable to care for the child, then three months old. In addition, there was also evidence of a history of domestic violence.
After DFYS assumed custody of the child, the parents agreed to participate in treatment for alcohol abuse. However, numerous attempts at treatment met with little success, as neither parent was able to complete an inpatient treatment program.
Following these unsuccessful attempts at rehabilitation, the Department filed a Petition for Termination of Parental Rights on *162 the ground that the parents' continued alcohol abuse made D.D.S. a child in need of aid. To prevail on this petition, the Department must make several showings. First, it must establish by clear and convincing evidence that D.D.S. is a child in need of aid pursuant to AS 47.10.010(a)(2), and that the offending parental conduct is likely to continue to exist absent the termination of parental rights. AS 47.10.080(c)(3).
In addition, because the Indian Child Welfare Act is applicable, the Department must prove by evidence beyond a reasonable doubt, including that to be supplied by expert testimony, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child. 25 U.S.C. § 1912(f) (1988). Finally, the Department must show that active efforts have been made to provide remedial services to the parents, but these efforts have been unsuccessful. 25 U.S.C. § 1912(d) (1988).
Trial on the petition was set for May 1993. Prior to trial, the Department moved for access to the parents' alcohol treatment records from several programs in which the parents had participated. The Department's motion was based upon federal law, which permits a court to order access to the records of federally funded treatment programs upon a showing of good cause. 42 U.S.C.A. § 290dd-2(a), (b)(2)(C) (West Supp. 1993).[1]
Superior Court Judge Peter Michalski denied the motion on the ground that AS 47.37.210 prohibited the release of the records. The Department then moved to continue the trial on the basis that it could not adequately protect the interests of the minor without the records. The court granted the continuance. The Department then filed a petition for review with this court, which was granted by order dated July 1, 1993.

DISCUSSION
At issue in this case is whether AS 47.37.210 bars the use of alcohol treatment records in the particular context of a CINA proceeding. This is a question of statutory interpretation subject to de novo review by this court. Zsupnik v. State, 789 P.2d 357, 359 (Alaska 1990).
Alaska Statute 47.37.210 provides:
Records of alcoholics and intoxicated persons.
(a) Except as required by AS 28.35.030(d),[[2]] the registration and other records of treatment facilities shall remain confidential and are privileged to the patient.

(b) Notwithstanding (a) of this section, the director may make available information from patients' records for purposes of research into the causes and treatment of alcoholism. No information may disclose a patient's name.
(Emphasis added).
The Department first argues that AS 47.37.210 does not create an evidentiary privilege because its enactment did not comply with the requirements of article IV, section 15 of the Alaska Constitution.[3] The Department failed to raise this argument below, and the superior court did not rule upon this question. We therefore deem the argument waived and decline to address the issue. Gates v. City of Tenakee Springs, 822 P.2d 455, 460 (Alaska 1991); see also Whitney-Fidalgo *163 Seafoods, Inc. v. Beukers, 554 P.2d 250, 251 n. 1 (Alaska 1976) (declining to address issue not addressed by trial court in case heard on petition for review).
The Department alternatively contends that an alcohol treatment privilege, if recognized, should not apply in child protection proceedings. We find this argument persuasive and conclude that, even if AS 47.37.210 may fairly be interpreted to create such an evidentiary privilege, this privilege is inapplicable in CINA proceedings.
There can be no question that the Department's interest in protecting the children of this state is compelling in nature. This compelling interest is reflected in several enactments of the Alaska Legislature. For example, AS 47.17.010-.020 requires practitioners of the healing arts, including social workers and paid employees of substance abuse treatment centers, to report any suspected cases of child abuse or neglect to the Department. In cases arising from such a report, AS 47.17.060 expressly abrogates the physician-patient and husband-wife privilege.[4] The purpose of these provisions, as stated by the Legislature, is to provide protective services in an effort to
(1) prevent further harm to the child;
(2) safeguard and enhance the general well-being of children in this state; and
(3) preserve family life unless that effort is likely to result in physical or emotional damage to the child.
AS 47.17.010. Similarly, the testimonial privilege pertaining to domestic violence victim counseling, provided under AS 25.35.100, does not apply to reports of suspected child abuse or neglect made pursuant to AS 47.17 or to CINA proceedings under AS 47.10. AS 25.35.110(1), (6).
By enacting the Alaska CINA Rules in 1987, this court has also recognized the State's strong interest in protecting and preserving the well-being of the children of this state. These rules, applicable to the termination proceeding at issue here, govern practice and procedure in all CINA proceedings brought under AS 47.10.010(a)(2). CINA Rule 1(b). CINA rules are to "be construed and applied to promote fairness; accurate fact-finding; the expeditious determination of children's matters; and the best interests of the child... ." CINA Rule 1(c). Thus, an affirmative duty is placed on the court to determine the best interests of a child who is the subject of a CINA proceeding. See Roth v. Roth, 793 S.W.2d 590, 592 (Mo. App. 1990).
Pursuant to this purpose, this court has promulgated CINA Rule 9(b), which provides that "[t]he physician and psychotherapist-patient privilege, Evidence Rule 504, and the husband-wife privileges, Evidence Rule 505, do not apply in Child in Need of Aid proceedings." This rule evinces the court's intent to give greater protection to the interests of an allegedly neglected or abused child than to the interest of the child's parents in confidentiality. It also reflects our view that the trial court should have access to all pertinent evidence relating to such abuse or neglect in determining the best interests of the child. See Roth, 793 S.W.2d at 592 (pursuant to duty to ascertain best interests of child, the judge "should ... have at his/her disposal all available pertinent evidence"); In re the Adoption of Embick, 351 Pa.Super. 491, 506 A.2d 455, 460-61 (1986) (in an involuntary termination case, the court must examine all evidentiary resources and conduct full and comprehensive hearing).
It would be illogical, in light of the State's compelling interest in protecting the welfare of its children and the court's affirmative duty to determine the best interests of the child, to give greater protection to alcohol treatment records than we give to confidential communications between a physician and his or her patient. We therefore place any evidentiary privilege pertaining to alcohol treatment records under AS 47.37.210 on the same footing as the physician and psychotherapist-patient privileges, which under Rule 9(b) are abrogated in CINA proceedings.[5] *164 See In re Gigi B, 71 Misc.2d 176, 335 N.Y.S.2d 535, 539 (Fam.Ct. 1972) (placing statutory privilege for drug addiction treatment records on same footing as doctor-patient, husband-wife, and social worker-client privileges, which, under New York law, are abrogated in abuse and neglect proceedings).
Our decision is further supported by CINA Rule 1(f), which governs those situations not expressly covered by the CINA Rules. The rule provides:
Where no specific procedure is prescribed by these rules, the court may proceed in any lawful manner, including application of the Civil Rules, applicable statutes, the Alaska and United States Constitutions or the common law. Such a procedure may not be inconsistent with these rules and may not unduly delay or otherwise interfere with the unique character and purpose of child in need of aid proceedings.

CINA Rule 1(f) (emphasis added). As discussed above, exclusion of alcohol treatment records in the "unique" setting of a CINA proceeding would interfere with the court's duty to examine all pertinent evidence in determining the child's best interests and would be inconsistent with the expressed intent of the CINA rules to give greater protection to the welfare of the child than to the parents' confidentiality interests.
Our decision is also consistent with the approach suggested by Dean Wigmore. Wigmore states that four criteria must be met to justify an evidentiary privilege:
(1) The communications must originate in a confidence that they will not be disclosed.
(2) This element of confidentiality must be essential to the full and satisfactory maintenance of the relation between the parties.
(3) The relation must be one which in the opinion of the community ought to be sedulously fostered.
(4) The injury that would inure to the relation by the disclosure of the communications must be greater than the benefit thereby gained for the correct disposal of litigation.
8 John H. Wigmore, Evidence § 2285, at 527 (McNaughton's rev. ed. 1961) (emphasis omitted). According to Wigmore, "[o]nly if these four conditions are present should a privilege be recognized." Id.
We find that Wigmore's fourth requirement for the recognition of an evidentiary privilege, i.e., that the injury resulting from disclosure must outweigh the benefit thereby gained from the correct disposition of the issue before the court, clearly is not met in the CINA context. Using Wigmore's approach, we conclude that the benefits of protecting a child who is the subject of a CINA proceeding outweigh any injury to a parent's statutory right to maintain the confidentiality of his or her alcohol treatment records. See Embick, 506 A.2d at 461 (citing Wigmore in support of conclusion that statutory psychologist-client privilege did not apply in proceeding to terminate parental rights); see also Perry v. Fiumano, 61 A.D.2d 512, 403 N.Y.S.2d 382, 385 (1978) ("Wigmore's test surely has relevance in a custody proceeding").
Therefore, we are satisfied that the statutory alcohol treatment privilege must yield in a CINA proceeding where a parent's alcohol *165 abuse is at issue. This is particularly true in light of the fact that, under the CINA rules, the proceedings are closed to the public and the records of such proceedings are confidential. CINA Rules 3(e), 22. These rules minimize any intrusion into the parents' confidentiality rights resulting from such disclosure.
Our conclusion is also consistent with case law from other jurisdictions. For example, in Embick, 506 A.2d 455, a Pennsylvania court addressed the applicability of a statutory psychologist-client privilege to a proceeding to terminate parental rights. Relying in part on Wigmore's analysis, the court concluded that the statutory privilege must give way in the termination context. Id. at 461. The court noted that "[i]t would be anomalous to insist that the hearing court examine all evidentiary resources, conduct a full and comprehensive hearing, and, at the same time, deprive the hearing court of material testimony concerning the mental or emotional condition of the natural parents." Id.
In reaching this conclusion, the court relied on Perry v. Fiumano, 61 A.D.2d 512, 403 N.Y.S.2d 382 (1978). Embick, 506 A.2d at 461. In Perry, the court held that a statutory social worker-client privilege did not apply in a child custody proceeding. Perry, 403 N.Y.S.2d at 386. Recognizing that, under New York law, this privilege (along with the husband-wife and physician-patient privileges) did not apply in child protective proceedings, the parents nonetheless argued that, "absent a legislative expression prohibiting the exercise of a privilege in custody cases, the courts should not judicially impose such a limitation." Id. at 385-86 (emphasis added).
The court, however, disagreed, stating that the statutory provision abrogating the privilege in the child protection context was enacted "to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being... ." Id. at 386 (quoting § 1011 of the New York Family Court Act). The court also noted that New York law did not require a social worker to treat as confidential any communication which revealed the contemplation of a harmful act. Id. The court found that these statutes evinced the legislative intent to protect "the health, safety and welfare" of the children of the state. Id. Thus, the court concluded that "we do not find it an impermissible encroachment upon the legislative function to hold that ... the rule of privilege protecting such communications must yield to the `dominant ... duty of the court to guard the welfare of its wards.'" Id. (citations omitted).
Similarly, in In re Baby X, 97 Mich. App. 111, 293 N.W.2d 736 (1980), the court ordered production of substance abuse records in a neglect proceeding, despite a state statute which provided that such records were confidential. The statute permitted a court to order only the disclosure of whether a specific person was in treatment with an agency. Id. at 740 n. 4. The court, however, found the records admissible, concluding that "in neglect proceedings, confidentiality must give way to the best interests of the child." Id. at 741; see also DeBlasio v. DeBlasio, 187 A.D.2d 551, 590 N.Y.S.2d 227, 228 (1992) ("we conclude that the defendant's interest in preserving confidentiality must yield to the paramount interest of protecting the well-being of the parties' young child"). In support of its decision, the Baby X court cited a Michigan statute which required health care professionals to report suspected cases of abuse or neglect. Baby X, 293 N.W.2d at 739.

CONCLUSION
Based on the above analysis, we conclude that AS 47.37.210 does not establish a privilege precluding the admission of alcohol treatment records in a CINA proceeding. However, under federal law, these records may be disclosed only upon a showing of "good cause." 42 U.S.C.A. § 290dd-2(a), (b)(2)(C) (West Supp. 1993). In determining good cause, "the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." Id. § 290dd-2(b)(2)(C).
At trial, the superior court concluded that the treatment records sought by the State were privileged under AS 47.37.210. The court therefore did not reach the issue of whether the Department had established *166 "good cause" as required under the federal statute. We now reverse the superior court's determination that the records at issue were privileged under AS 47.37.210. We remand to the superior court for a determination on the "good cause" issue under 42 U.S.C.A. § 290dd-2 and for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BURKE, J., not participating.
NOTES
[1] Federal regulations implementing this statute specifically allow states to grant greater privacy protections than those provided under federal law. The regulations state that "[i]f a disclosure permitted under these regulations is prohibited under State law, neither these regulations nor the authorizing statutes may be construed to authorize any violation of that State law." 42 C.F.R. § 2.20 (1992).
[2] AS 28.35.030(d) requires treatment programs to provide the court with information regarding those persons who, as part of a sentence for driving while intoxicated, are ordered to take part in such programs.
[3] This provision reads:

The supreme court shall make and promulgate rules governing the administration of all courts. It shall make and promulgate rules governing practice and procedure in civil and criminal cases in all courts. These rules may be changed by the legislature by two-thirds vote of the members elected to each house.
Alaska Const. art. IV, § 15 (emphasis added); see also Leege v. Martin, 379 P.2d 447, 451 (Alaska 1963) (stating that, under article IV, § 15, "a legislative enactment will not be effective to change court rules of practice and procedure unless the bill specifically states that its purpose is to effect such a change").
[4] AS 47.17.060 provides:

Evidence not Privileged. Neither the physician-patient nor the husband-wife privilege is a ground for excluding evidence regarding a child's harm, or its cause, in a judicial proceeding related to a report made under this chapter.
[5] The physician and psychotherapist-patient privileges are set forth in Evidence Rule 504. We note that under Rule 504(a)(3)(B), the term "psychotherapist" is defined to include licensed or certified psychologists engaged in the diagnosis or treatment of alcohol addiction. Alaska R.Evid. 504(a)(3)(B).

We also take note of the official comment to section 15 of the Uniform Alcoholism and Intoxication Treatment Act, from which AS 47.37.210 derives.
The treatment of privileged information in the courts and disclosure with the consent of the patient are matters of general state law.
Unif. Alcoholism and Intoxication Treatment Act § 15 cmt., 9 U.L.A. 102-03 (1988) (emphasis added). In construing the meaning of legislation derived from uniform codes, this court has often relied on the official code commentary as a guide to legislative meaning. See, e.g., Northern Commercial Co. v. Cobb, 778 P.2d 205, 207 n. 2 (Alaska 1989). In this case, we conclude that the legislature intended the alcohol treatment privilege to be treated in like manner and be subject to the same exceptions as other similar evidentiary privileges provided under general state law.