v.

**STATE of Alaska, Respondent.**

**No. S–6208.**

Supreme Court of Alaska.

June 9, 1995.

---

Margi Mock, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for petitioner.

Nancy R. Simel, Asst. Atty. Gen., Anchorage, and Bruce M. Botelho, Atty. Gen., Juneau, for respondent.

Before MOORE, C.J., RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

COMPTON, Justice.

### I. INTRODUCTION

In 1992 the State of Alaska (State) filed a delinquency petition alleging that M.R.S., a juvenile nearing his eighteenth birthday, had robbed and stabbed a taxicab driver. After a juvenile waiver hearing, the superior court ruled that M.R.S. was not amenable to treatment as a minor, and authorized the State to proceed against him as an adult. The superior court's finding was based in part on a psychotherapist's testimony regarding his 1990 psychological examination of M.R.S., which had been ordered by the children's court in the disposition phase of an earlier, unrelated delinquency proceeding.

M.R.S. appealed the decision to the court of appeals, arguing that the admission of this evidence violated his constitutional privilege against self-incrimination and his evidentiary psychotherapist-patient privilege. The court of appeals held that admission of the evidence did not violate either privilege. *M.R.S. v. State*, 867 P.2d 836, 844 (Alaska App.1994). M.R.S. petitioned this court for hearing. *See* Appellate Rule 302(a)(1). We granted M.R.S.'s petition on a single issue: Was admission of the 1990 court-ordered psychological examination at the 1992 waiver hearing a violation of M.R.S.'s psychotherapist-patient privilege? *See* Alaska R.Evid. 504. We hold that it was.

### II. FACTS AND PROCEEDINGS

In January 1992 M.R.S., an individual with a history of delinquent conduct who was two months short of his eighteenth birthday, was charged with robbing and repeatedly stabbing a taxicab driver.

Pursuant to AS 47.10.060,[1] the State petitioned the superior court to waive children's court jurisdiction over M.R.S. The State alleged that there was probable cause to believe that M.R.S. was delinquent and that he was not amenable to treatment as a juvenile.

Prior to the waiver hearing, M.R.S. moved for a protective order prohibiting the State from introducing into evidence his prior juvenile records, which included a 1990 court-ordered psychological examination performed by Dr. Larry Bissey. Dr. Bissey had conducted this examination in 1990 in conjunction with the disposition phase of a delin-

---

1. Alaska Statute 47.10.060 provides:

   Waiver of Jurisdiction. (a) If the court finds at a hearing on a petition that there is probable cause for believing that a minor is delinquent and finds that the minor is not amenable to treatment under this chapter, it shall order the case closed. After a case is closed under this subsection, the minor may be prosecuted as an adult.

   . . . .

   (d) A minor is unamenable to treatment under this chapter if the minor probably cannot be rehabilitated by treatment under this chapter before reaching 20 years of age. In determining whether a minor is unamenable to treatment, the court may consider the seriousness of the offense the minor is alleged to have committed, the minor's history of delinquency, the probable cause of the minor's delinquent behavior, and the facilities available to the division of youth and adult authority for treating the minor.

quency proceeding against M.R.S. On the same day the examination was conducted, Dr. Bissey submitted to the children's court a seven-page report in which he summarized his findings. He recommended that M.R.S. be institutionalized in an in-patient substance abuse program. Since that time, Dr. Bissey has conducted no further examination of M.R.S. M.R.S. asserted that admission of this evidence would violate his constitutional privilege against self-incrimination and his evidentiary psychotherapist-patient privilege. The superior court summarily denied M.R.S.'s motion.

At the 1992 waiver hearing, Dr. Bissey expressed doubt that M.R.S. could be successfully rehabilitated before reaching his twentieth birthday. Dr. Bissey based this opinion on his 1990 examination of M.R.S. A forensic psychologist confirmed Dr. Bissey's conclusion that M.R.S. was not amenable to treatment as a minor. The psychologist based his conclusion on his review of M.R.S.'s juvenile records, which included Dr. Bissey's 1990 examination.

After considering the evidence, the superior court found probable cause to believe that M.R.S. was delinquent, and concluded that he was not amenable to treatment as a minor. The court, giving significant weight to the two doctors' testimony, ordered the juvenile proceeding closed. The State was thus authorized to proceed against M.R.S. as an adult.

M.R.S. appealed this decision to the court of appeals, arguing that the superior court had erred in admitting evidence derived from the 1990 court-ordered psychological examination by Dr. Bissey. *M.R.S. v. State*, 867 P.2d 836 (Alaska App.1994). The court concluded that the privilege against self-incrimination did not attach to the statements made by M.R.S. during the 1990 court-ordered psychological examination. *Id.* at 838–41. Further, the court held that the admission of the statements would not violate the psychotherapist-patient privilege set forth in Evidence Rule 504(b). *Id.* at 844. This provision states:

> (b) General Rule of Privilege. A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of diagnosis or treatment of the patient's physical, mental or emotional conditions, including alcohol or drug addiction, between or among the patient, the patient's physician or psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.

Alaska R.Evid. 504(b).

Subsection (a)(4) of the Rule provides further elaboration:

> A communication is confidential if not intended to be disclosed to third persons other than those present to further the interest of the patient in the consultation, examination, or interview, or persons reasonably necessary for the transmission of the communication, or persons who are participating in the diagnosis and treatment under the direction of the physician or psychotherapist, including members of the patient's family.

Alaska R.Evid. 504(a)(4). Additionally, subsection (d)(6) of the Rule provides an exception relating to judicially ordered examinations:

> (d) Exceptions. There is no privilege under this rule:
>
> . . . .
>
> (6) Examination by order of Judge. As to communications made in the course of an examination ordered by the court of the physical, mental or emotional condition of the patient, with respect to the particular purpose for which the examination is ordered unless the judge orders otherwise. This exception does not apply where the examination is by order of the court upon the request of the lawyer for the defendant in a criminal proceeding in order to provide the lawyer with information needed so that the lawyer may advise the defendant whether to enter a plea based on insanity or to present a defense based on the defendant's mental or emotional condition.

Alaska R.Evid. 504(d)(6).

Reasoning that communications made to a psychologist in a court-ordered examination are not intended to be confidential, the court

of appeals concluded that such communications do not fall within the scope of the privilege.

> [T]he circumstances involved in the 1990 children's court proceedings make it abundantly clear that M.R.S. and his counsel understood that M.R.S.'s communications with Bissey would be disclosed to the court and to other participants associated with the scheduled disposition hearing. Indeed, M.R.S. has never claimed that he did not intend such disclosure to occur. For this reason, the statements M.R.S. made to Bissey in the course of the psychological evaluation were not confidential communications under [Alaska Rule of Evidence] 504(a)(4).

*M.R.S.*, 867 P.2d at 843.

The court of appeals recognized that its construction of the rule effectively exempted court-ordered examinations from a claim of privilege in almost all circumstances and noted:

> At first blush ... this interpretation ... might appear to render superfluous the exception for court-ordered psychiatric examinations stated in [Alaska Rule of Evidence] 504(d)(6), which more narrowly exempts court-ordered examinations from a claim of privilege when disclosure is sought for 'the particular purpose for which the examination is ordered.'

*Id.* at 843 n. 5.

However, the court identified three circumstances in which subsection (d)(6) would still apply and concluded that its reading of the Rule did not render this provision superfluous. First, the court observed that subsection (d)(6) would apply in cases where a court orders an examination by a psychotherapist who has already established a therapeutic relationship with the patient.

> [O]n some occasions, courts may order psychological evaluations prepared by psychotherapists who have already rendered services to the patient and who will thus be placed in a position of disclosing to the court psychotherapist-patient statements that pre-date the court order. In such circumstances, subsection (d)(6) would be necessary to assure full disclosure, since the pre-order statements would not have

been made in contemplation of disclosure to the court.

*Id.* at 843 n. 5. Second, the court suggested that in cases where court-ordered examinations take place "without any subjective awareness on the patient's part that disclosure to the court or to other participants in the court proceedings is contemplated ...," subsection (d)(6) would authorize limited disclosure regardless of the patient's intent." *Id.* at 844 n. 5. Finally, the court observed that subsection (d)(6) serves to clarify the scope of the privilege in a situation where a psychotherapist is testifying when the patient is unavailable. By making it clear that the privilege does not apply when the examination was ordered by the court and the disclosure is being sought for the purpose the examination was ordered, the Rule provides guidance to psychotherapists who might otherwise seek to invoke the privilege on the patient's behalf. *Id.*

M.R.S. then petitioned this court for hearing.

### III. *DISCUSSION*

"The admissibility of evidence is largely within the trial court's discretion and its rulings will not be overturned on appeal in the absence of an abuse of discretion." *Hawley v. State*, 614 P.2d 1349, 1361 (Alaska 1980). However, this court reviews *de novo* questions of law presented by the court's evidentiary rulings. *See In re D.D.S.*, 869 P.2d 160, 162 (Alaska 1994). In interpreting a statute or rule, this court will adopt "the rule of law which is most persuasive in light of precedent, reason and policy." *See Hernandez–Robaina v. State*, 849 P.2d 783, 785 n. 2 (Alaska 1993).

As the court of appeals recognized, basic principles of statutory construction provide guidance in interpreting this Rule. *See M.R.S.*, 867 P.2d at 843 n. 5. These principles militate against interpreting a statute or rule in a manner that renders other provisions meaningless.

> It is an established principle of statutory construction that all sections of an act are to be construed together so that all have meaning and no section conflicts with an-

other. Further, where one section deals with a subject in general terms and another deals with a part of the same subject in a more detailed way, the two should be harmonized, if possible; but if there is a conflict, the specific section will control over the general.

*In re Hutchinson,* 577 P.2d 1074, 1075 (Alaska 1978); *see also In re E.A.O.,* 816 P.2d 1352, 1357 (Alaska 1991) (holding that apparent contradictions in a statute should be harmonized, if possible, rather than read to make one provision negate the other). M.R.S. asserts that the court of appeals' reading of the confidentiality requirement violates these principles because it renders virtually superfluous the specific exception for court-ordered psychological examinations set forth in subsection (d)(6). We agree.

■ On its face, subsection (d)(6) purports to apply to all court-ordered examinations. The scope of this exception is specifically limited to include only those communications made during the court-ordered examination and only in so far as they are used for "the particular purpose for which the examination is ordered unless the judge orders otherwise." Alaska R.Evid. 504(d)(6).

■ The court of appeals held that communications made in the course of a court-ordered examination do not qualify as "confidential communications" because disclosure to the court is always contemplated. *See* M.R.S. 867 P.2d at 842–43. This interpretation of the Rule is too narrow. It directly contradicts the principle that

> where one section deals with a subject in general terms and another deals with a part of the same subject in a more detailed way, the two should be harmonized, if pos-

sible; but if there is a conflict, the specific section will control over the general.

*In re Hutchinson,* 577 P.2d 1074, 1075 (Alaska 1978). The court of appeals has allowed the general to prevail over the specific. The exception noted in subsection (d)(6) clearly articulates the situation under which court-ordered examination results may be admitted into evidence, but the court of appeals' interpretation effectively expands this exception. By the court of appeals' own admission, its reading removes the bulk of court-ordered examinations from the protection of the privilege by excluding such examinations from the definition of "confidential communications." *M.R.S.,* 867 P.2d at 843 n. 5. Ironically, to achieve this result it was necessary for the court of appeals to give a more narrow reading to subsection (d)(6), limiting it to a few hypothetical applications. *Id.* at 843 n. 5.

■ Strong policy considerations weigh in favor of including these types of court ordered examinations in the Rule's definition of "confidential communications." This is particularly so in the context of juvenile proceedings. Justice Bistline of the Idaho Supreme Court has argued in favor of protecting from future disclosure information revealed in a court-ordered psychological evaluation.[2] Allowing disclosure would "place[ ] ... children in a Catch–22 by discouraging them from being honest and forthright with those who have their best interest at heart for fear that their confidences will be automatically accessible to those who may later seek to punish them." *State v. Brown,* 121 Idaho 385, 395, 825 P.2d 482, 492 (1992) (Bistline, J., concurring). In light of the rehabilitative purposes of Alaska's juvenile delinquency laws,[3] the better policy is to minimize the impediments to full disclosure by the delinquent child.[4] In this way, the

---

2. Although Justice Bistline advocated protection of the information under the rubric of an Idaho statute making records of juvenile proceedings confidential, *State v. Brown,* 121 Idaho 385, 395, 825 P.2d 482, 492 (1992) (Bistline, J., concurring), his arguments are equally compelling as a justification for preventing disclosure via the psychotherapist-patient privilege as enacted in Alaska Evidence Rule 504.

3. Alaska Statute 47.10.082 states that in making its dispositional order in juvenile delinquency proceedings, the court shall consider *both* "the

*best interests of the child* and the public." A.S. 47.10.082 (emphasis added).

4. Justice Bistline is correct that if this information was subject to disclosure, defense counsel for the delinquent child would be under an obligation to warn the child not to disclose information that might be prejudicial in future proceedings. *Brown,* 121 Idaho at 395, 825 P.2d at 492 (Bistline, J., concurring).

chances are maximized of obtaining an accurate psychological evaluation of the child, and thus assignment to an appropriate remediation program.[5]

We conclude that the psychotherapist-patient privilege contained in Evidence Rule 504(b) should have prevented Dr. Bissey's examination from being utilized as evidence or a source of evidence in this proceeding.

## IV.  CONCLUSION

The decision of the court of appeals is REVERSED.  The court of appeals is directed to REMAND the case to the superior court for proceedings consistent with this opinion.

MOORE, Justice, with whom EASTAUGH, Justice, joins, dissenting.

The court of appeals correctly held that the challenged evidence in this case did not violate the psychotherapist-patient privilege. I would, therefore, affirm the decision of the court of appeals.  *M.R.S. v. State*, 867 P.2d 836, 841–44 (Alaska App.1994).

---

**5.**  Although our discussion of the policy considerations is limited here to the juvenile context, the policies discussed are equally applicable to the use of psychological evaluations in adult criminal proceedings.