**Robert J. LOWERY, and Frank "Gerald" Deberry, Appellants,**

v.

**Dennis S. McMURDIE, Appellee.**

No. S–7159.

Supreme Court of Alaska.

Sept. 5, 1997.

Richard W. Wright, Niewohner & Wright, P.C., Fairbanks, for Appellants.

No appearance by Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

## OPINION

COMPTON, Chief Justice.

### I. INTRODUCTION

This case arises out of a dispute over unpaid wages owed to Robert Lowery and Gerald DeBerry for labor on a mining claim. Lowery and DeBerry appeal a superior court judgment in favor of Dennis McMurdie. The decision of the superior court is vacated in part and remanded for further proceedings.

### II. FACTS AND PROCEEDINGS

Dennis McMurdie owns and manages certain gold claims located on the Steese Highway. McMurdie hired Robert Lowery to work these claims. Lowery operated these claims in 1993 and 1994. In 1994 Lowery hired Frank "Gerald" DeBerry and others as a crew. Relations between McMurdie and Lowery soon soured. In August 1994 McMurdie secured a preliminary injunction ordering Lowery and DeBerry to stay off the claims.

The superior court found that seventy-six ounces of gold recovered from the site were unaccounted for by Lowery. The court valued this gold at $26,600, and entered judgment against Lowery for $12,027, the value of the unaccounted-for gold minus offsets for unpaid wages due Lowery, out-of-pocket expenses advanced by Lowery, unpaid wages due DeBerry, and equipment rented by Lowery. Despite its finding that McMurdie was overdue in paying Lowery's wages, the superior court did not find that there should be a penalty against McMurdie.

The superior court found no reason to hold DeBerry accountable for the missing gold, and refused to enter judgment against him. In its oral findings, it concluded that "Lowery should be responsible for the additional payment of the $2,000 to [DeBerry] for the wages he ... was not paid during 1994." The superior court found, however, that this amount should be offset against McMurdie's judgment against Lowery, and it factored this additional $2,000 into its computation in concluding that Lowery only owed McMurdie $12,027. In its written findings the superior court deleted all references to the $2,000, although it still offset McMurdie's judgment against Lowery by this additional amount.[1]

Lowery and DeBerry appeal. They each claim that the superior court erred in failing to award them a statutory penalty for unpaid wages. DeBerry further claims that the superior court erred in failing to award him unpaid wages of $2,000 against McMurdie.

### III. DISCUSSION

#### A. Standard of Review

 Lowery and DeBerry seek penalties pursuant to AS 23.05.140(d). The decision to

---

1. Lowery and DeBerry suggest that the superior court crossed out proposed findings to the effect that Lowery owed DeBerry $2,000 because "[o]n the status of the pleadings, no judg[ ]ment in favor of Mr. DeBerry and against Mr. Lower[y] was possible, since there were no claims between them."

**52**

award a penalty under this section is within the sound discretion of the trial court and will only be reversed for an abuse of discretion. *Klondike Indus. Corp. v. Gibson,* 741 P.2d 1161, 1171 (Alaska 1987).

■ The dispute as to whether McMurdie is responsible for paying the $2,000 in unpaid wages due DeBerry is a question of law. The parties have not appealed the superior court's underlying factual findings regarding this issue. The parties no longer dispute that Lowery hired DeBerry to work the claim, DeBerry did in fact work the claim, and $2,000 in wages were not paid to him. This court "may review the application of a legal doctrine to undisputed facts without the usual deference to the superior court." *Foss Alaska Line, Inc. v. Northland Servs.,* 724 P.2d 523, 526 (Alaska 1986).

B. *Alaska Statute 23.05.140(d) Penalties*

■ Lowery and DeBerry counterclaimed against McMurdie for "back wages, plus AS 23.05.140 penalties." The superior court ruled that Lowery was owed "wages" and that no penalty should be awarded against McMurdie.[2] The superior court made no findings to support the decision on penalties.

When "employment is terminated, regardless of the cause of termination, all wages, salaries, or other compensation for labor or services become due immediately and shall be paid within three working days after the termination." AS 23.05.140(b). Alaska Statute 23.05.140(d) provides for possible penalties when an employer fails to make such payments:

If an employer violates (b) of this section by failing to pay within three working days of termination, the employer *may* be required to pay the employee a penalty in the amount of the employee's regular wage, salary, or other compensation from the time of demand to the time of payment, or for 90 working days, whichever is the lesser amount.

(Emphasis added.)

We have held that the use of the permissive "may" indicates that penalties were not

intended to be mandatory. *Klondike,* 741 P.2d at 1171 (award of penalty under AS 23.05.140(d) within sound discretion of trial court). In *Klondike* we concluded that where the superior court "found no evidence that [the employer] intentionally withheld wages due," denial of the penalty claim was not an abuse of discretion. *Id.*

On appeal, Lowery and DeBerry attempt to distinguish *Klondike:*

The entitlement to and the amount of wages were hotly contested in *Klondike,* and this Court was careful to note that there was no evidence the employer had intentionally withheld wages. In this case, Mr. McMurdie simply offered no reason for their withholding, or at least none the [superior] Court felt worthy of comment in its findings. On the status of such a record, the Court should find the Superior Court abused its discretion and award the full penalty of an amount equal to the employee's regular wages.

However, *Klondike* does not require that the refusal to award penalties be supported by a finding that the withholding was unintentional. Nor does *Klondike* require that the entitlement to an amount of wages be "hotly contested." Instead, it merely requires that the superior court not abuse its discretion in assessing or refusing to assess such penalties.

In its oral findings, the superior court simply stated that it "does not find in the facts or circumstances of this case that any penalty should be applied." Its written finding on this issue provided no additional explanation for this conclusion. The superior court's unarticulated understanding of the "facts or circumstances of this case" does not provide findings from which we can determine whether its decision not to award penalties against McMurdie was an abuse of discretion in light of the record as a whole.

C. *DeBerry's Unpaid Wages*

■ DeBerry was hired by Lowery, but it is clear that McMurdie was his employer.

2. The superior court implicitly found that Lowery and DeBerry were employees of McMurdie, entitled to the protection of AS 23.05.140.

McMurdie has not challenged this finding and we assume there was an employment relationship for purposes of applying AS 23.05.140.

Lowery was himself an employee of McMurdie, one to whom McMurdie had designated the power to hire. The superior court found that "on Mr. Lowery's part, it was reasonable[,] based on his discussion with Mr. McMurdie that he could hire a crew to work for the 1994 season." Moreover, while the superior court initially concluded that it was Lowery who should pay DeBerry the $2,000, it simultaneously concluded that Lowery should be able to offset this $2,000 against the judgment rendered against him in favor of McMurdie. Thus, it was McMurdie, not Lowery, who was ultimately responsible for the wages owed DeBerry.

The superior court, in its written findings, deleted all findings to the effect that Lowery owed DeBerry the $2,000. Nonetheless, it offset the judgment for McMurdie by the additional $2,000 that was originally explained in the oral findings as an offset intended to cover the wages due DeBerry. This ruling created an odd situation in which Lowery was credited for the wages the court concluded he should pay DeBerry, but was not required to actually pay DeBerry.

As DeBerry's employer, it was McMurdie, and not Lowery, who ultimately had the duty to pay DeBerry's wages within three days of termination. Alaska Statute 23.05.140 consistently uses the terms "employee" and "employer" in discussing who owes what duties to whom. Alaska Statute 23.05.140(b) provides that the employee "shall be paid within three working days." It is clear from context that the person on whom this duty ultimately rests is the employer. The statute goes on to state that such payment may be made "at a location agreed upon by the employer and employee." Furthermore, AS 23.05.140(d) provides for possible penalties "[i]f an *employer* violates (b) of this section by failing to pay within three working days of termination." (Emphasis added.) It was McMurdie who had the legal duty to pay DeBerry's wages. The fact that it was his employee, Lowery, who neglected to do so does not shift the ultimate duty for this

failure from McMurdie onto Lowery. The superior court erred in not awarding DeBerry the $2,000 in unpaid wages he had requested from McMurdie in his counterclaim.[3] Lowery should not be credited $2,000 against the judgment for McMurdie. It is McMurdie who must pay DeBerry.

## IV. CONCLUSION

The superior court's conclusion that penalties under AS 23.05.140(d) were unwarranted is VACATED, and the issue REMANDED for the entry of findings addressing this issue. The superior court's decision not to award DeBerry the $2,000 in unpaid wages he requested from McMurdie is VACATED and REMANDED for proceedings consistent with this decision.[4]

FABE, Justice, with whom EASTAUGH, Justice, joins, concurring in part and dissenting in part.

I agree with all aspects of the court's opinion except for Part III.B. I dissent from the court's conclusion that the superior court failed to make adequate findings to support its decision not to penalize McMurdie under AS 23.05.140(d). Recently, this court recognized that a trial court's findings are important because they permit us to review the factual and legal steps in the trial court's decision. *Bird v. Starkey,* 914 P.2d 1246, 1249 (Alaska 1996). Consistent with this conclusion, we observed that findings "need not be extensive" if they "allow us to glean from the record" the considerations underlying the trial court's decision. *Id.* at 1249 n. 4; *see also Bellanich v. Bellanich,* 936 P.2d 141, 146 (Alaska 1997) (Fabe, J., dissenting); *D.H. v. State, Dep't of Health & Soc. Servs.,* 929 P.2d 650, 657–58 (Alaska 1996) (Fabe, J., dissenting).

In this case, the trial court stated that it did "not find in the facts or circumstances of this case that any penalty [under AS 23.05.140(d)] should be applied." In the paragraphs immediately preceding this con-

---

3. We note that the counterclaims of Lowery and DeBerry were improperly designated as cross-claims.

4. On remand the superior court should increase McMurdie's judgment against Lowery to $14,-027, since it is McMurdie, and not Lowery, who is responsible for payment of these unpaid wages.

clusion, the trial court found that amounts owed to McMurdie by Lowery fully offset all sums owed to Lowery by McMurdie. In particular, the trial court found that while McMurdie owed Lowery approximately $23,000 for unpaid wages and other incidentals, it concluded that Lowery owed McMurdie more than $36,000 for the value of seventy-six ounces of gold unaccounted for by Lowery, as well as the purchase price of a bulldozer.

Given the context of the trial court's conclusion, I cannot agree that the findings were inadequate. It is possible to glean from the trial court's findings that it based its decision upon the "facts or circumstances" reviewed in the immediately preceding paragraphs of its opinion and the conclusion that Lowery owed McMurdie for the missing gold even after the wages due were subtracted. In my view, those portions of the record provide sufficient support for the trial court's decision. Therefore, I dissent from the court's decision to remand this case for additional findings relating to whether McMurdie should be penalized under AS 23.05.140(d).